**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DANILO MERA, *on behalf of himself, FLSA*
*Collective Plaintiffs, and the Class,*
                              Plaintiff,


            v.


SA HOSPITALITY GROUP, LLC,
CAFÉ FOCACCIA, INC.
         d/b/a FELICE WINE BAR,
EIGHTY THIRD AND FIRST LLC
         d/b/a FELICE,
FELICE GOLD STREET LLC
         d/b/a FELICE,
FELICE CHAMBERS LLC
         d/b/a FELICE,
FELICE 240, LLC
         d/b/a FELICE,
FELICE HUDSON, LLC
         d/b/a FELICE,
FELICE ROSLYN LLC,
         d/b/a FELICE,
FELICE MONTAGUE, LLC
         d/b/a FELICE,
JOHN DOE CORPORATION
         d/b/a FELICE,
DIMITRI PAULI, and
JACOPO GIUSTINIANI,

                              Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff DANILO MERA ("Plaintiff MERA", or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, SA HOSPITALITY GROUP, LLC, CAFÉ FOCACCIA, INC. d/b/a FELICE WINE BAR, EIGHTY THIRD AND FIRST LLC d/b/a FELICE, FELICE GOLD STREET LLC d/b/a FELICE, FELICE CHAMBERS LLC d/b/a FELICE, FELICE 240, LLC d/b/a FELICE, FELICE HUDSON, LLC d/b/a FELICE, FELICE ROSLYN LLC d/b/a FELICE, FELICE MONTAGUE, LLC d/b/a FELICE, JOHN DOE CORPORATION d/b/a FELICE (the "Corporate Defendants"), DIMITRI PAULI, and JACOPO GIUSTINIANI (the "Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, due to an invalid tip credit; (2) unpaid wages, including overtime, due to time shaving; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to an invalid tip credit; (2) unpaid wages, including overtime, due to time shaving; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

3.      Plaintiff further alleges that, pursuant to New York State Human Rights Law N.Y. Exec. Law § 296 ("NYSHRL"), Plaintiff is entitled to recover from Defendants for hostile work environment created by sexual orientation discrimination: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

4.     Plaintiff further alleges that, pursuant to New York City Human Rights Law Administrative Code of City of NY § 8-107 ("NYCHRL"), Plaintiff is entitled to recover from Defendants for hostile work environment created by sexual orientation discrimination: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

7.     Plaintiff DANILO MERA is a resident of Essex County, New Jersey.

8.     Defendants own and operate Restaurants under the trademark Felice throughout New York. The Restaurants are located at the following locations:

    a.   Felice 64 - 1166 1st Avenue, New York, NY 10065;

    b.   Felice 83 - 1593 1st Avenue, New York, NY 10028;

    c.   Felice 15 Gold - 15 Gold Street, New York, NY 10038;

    d.   Felice 56 - 15 W 56th, New York, NY 10019;

    e.   Felice Columbus - 240 Columbus Avenue, New York, NY 10023;

    f.   Felice on Hudson - 615 Hudson Street, New York, NY 10014;

    g.   Felice Roslyn - 1382 Old Northern Boulevard, Roslyn, NY 11576

    h.   Felice Montague - 84 Montague Street, Brooklyn, NY 11201; and

    i.   Felice Pasta Bar - 55 Water Street - Brooklyn, NY 11201 (collectively, the "Restaurants").

9. The Restaurants are operated as a single integrated enterprise under the common control of Defendant SA HOSPITALITY GROUP, LLC. See **Exhibit A.** Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

      a. The Restaurants are all advertised on Felice's common website. Attached hereto as **Exhibit B.**

      b. Reservations for the Restaurants can be made on Felice's website. Attached hereto as **Exhibit C.**

      c. The Restaurants share a common Facebook and Instagram page. Attached hereto as **Exhibit D.**

      d. The Restaurants all serve Italian cuisine.

      e. Managers and other employees of the Restaurants are fully interchangeable. During Plaintiff's employment by Defendants, Defendants frequently transferred  manager and other employees among the Restaurants to perform work on an as-needed basis.

Although Plaintiff did not work at all of Defendants' Restaurants, **all** of the Restaurants are appropriately .named in this Complaint through the relevant Corporate Defendants. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class Members for whom Plaintiff seeks to represent.

10. Corporate Defendant SA HOSPITALITY GROUP, LLC is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business, and an address of service of process located at 950 Third Avenue, New York, NY 10022.

11.     Corporate Defendant CAFÉ FOCACCIA, INC. is a domestic business corporation organized under the laws of the State of New York, with its principal place of business located at 1166 1st Avenue, New York, NY 10065, and an address of service of process located at 135 East 57th Street, New York, NY 10022.

12.     Corporate Defendant EIGHTY THIRD AND FIRST LLC is domestic limited liability company organized under the laws of the State of New York, with its principal place of business located at 1583 1st Avenue, New York, NY10028, and an address of service of process located at 950 Third Avenue, New York, NY 10022.

13.     Corporate Defendant FELICE GOLD STREET LLC is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business located at 15 Gold Street, New York, NY 10038, and an address of service of process located at 950 Third Avenue, New York, NY 10022.

14.     Corporate Defendant FELICE CHAMBERS LLC is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business located at 15 W 56th, New York, NY 10019, and an address of service of process located at 136 East 57th Street, New York, NY 10022.

15.     Corporate Defendant FELICE 240, LLC is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business located at 240 Columbus Avenue, New York, NY 10023, and an address of service of process located at 950 Third Avenue, New York, NY 10022.

16.     Corporate Defendant FELICE HUDSON, LLC is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business

located at 615 Hudson Street, New York, NY 10014, and an address of service of process located at 950 Third Avenue, New York, NY 10022.

17.     Corporate Defendant FELICE ROSLYN LLC is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business located at 1382 Old Northern Boulevard, Roslyn, NY 11576, and an address of service of process located at 136 East 57th Street, New York, NY 10022.

18.     Corporate Defendant FELICE MONTAGUE, LLC is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business located at 84 Montague Street, Brooklyn, NY 11201, and an address of service of process located at 950 Third Avenue, New York, NY 10022.

19.     JOHN DOE CORPORATION is another business organized under the laws of the State of New York also doing business as "Felice" operated by Corporate Defendant SA HOSPITALITY GROUP, LLC, and employs Collective Action and Class members under a common wage and hour policy. Corporate Defendants and JOHN DOE CORPORATION make common employee-related decisions including payroll, personnel, and wage and hour policies concerning employees. While JOHN DOE CORPORATION is ultimately owned by a separate corporation, it operates its business with other Corporate Defendants as a single integrated enterprise. The identity of JOHN DOE CORPORATION will be determined over the course of discovery in this lawsuit, and a subsequent amended complaint will be filed to identify such entity.

20.     Individual Defendant DIMITRI PAULI is the principal of Corporate Defendants and the partner and co-founder of SA HOSPITALITY GROUP. DIMITRI PAULI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. DIMITRI PAULI frequently visits the Restaurants. DIMITRI PAULI exercises the

power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant may complain to DIMITRI PAULI directly regarding any of the terms of their employment, and DIMITRI PAULI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. DIMITRI PAULI exercised functional control over the business and financial operations of Corporate Defendants. DIMITRI PAULI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members, and could reprimand employees.

21. Individual Defendant JACOPO GIUSTINIANI is the principal of Corporate Defendants and the Chief Operating Officer of SA HOSPITALITY GROUP. JACOPO GIUSTINIANI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. JACOPO GIUSTINIANI frequently visits the Restaurants. JACOPO GIUSTINIANI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant may complain to JACOPO GIUSTINIANI directly regarding any of the terms of their employment, and JACOPO GIUSTINIANI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. JACOPO GIUSTINIANI exercised functional control over the business and financial operations of Corporate Defendants. JACOPO

GIUSTINIANI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members, and could reprimand employees.

22.    At all relevant times, Corporate Defendants were and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

23.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the businesses operated by Defendants.

24.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including servers, bartenders, barbacks, waiters, bussers, and food runners among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

26.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including: (i) unpaid overtime due to an invalid tip credit; (ii) unpaid wages, including overtime, due to time shaving; (iii) liquidated damages; and (iv) attorneys' fees and costs. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

27.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

28.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including servers, bartenders, barbacks, waiters, bussers, and food runners among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

29.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

30.    The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number is based are presently within the sole control of Defendants, and there is no doubt that there are more than forty members of the Class.

31.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants of: (i) unpaid wages, including overtime, due to an invalid tip credit; (ii) unpaid wages, including overtime, due to time shaving; (iii) failing to provide wage notices to Class Members, at the date of hiring and annually, per requirements of NYLL; and (iv) failing to provide proper wage statements per requirements of NYLL.

32.     More specifically, with regard to Plaintiff and Class Members, Defendants also failed to pay the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiff and Class Members suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent of the total hours worked each workweek; (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

33.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

34.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

35.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former

employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

37.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendants employed Plaintiff and the Class within the meaning of NYLL;

b.    What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c.    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d.    Whether Defendants properly notified Plaintiff and Class Members of their hourly rates;

e.    Whether Defendants properly provided notice to all Class Members that Defendants were taking a tip credit;

f.    Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

g.    Whether Defendants caused Class Members to engage in non-tipped duties exceeding twenty percent of each workweek;

h.    Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

i.    Whether Defendants provided proper wage statements informing Class Members of the amount of tip credit taken for each payment period;

j.    Whether Defendants properly compensated Plaintiff and Class Members for all hours worked, including overtime;

k.    Whether Defendants provided wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL; and

l.    Whether Defendants provided proper wage statements to employees as required under NYLL.

## STATEMENT OF FACTS

*Wage and Hour Claims*

38.    In or about May 23, 2022, Plaintiff MERA was hired by Defendants to work as a busser for Defendants' Restaurant located at 1166 1st Avenue, New York, NY 10065. Plaintiff's employment ended in or around February 2023.

39.    Throughout Plaintiff MERA's employment with Defendants, Plaintiff was scheduled to work 6.5 hours per day for 4 days per week, and 12 hours for 1 day, for a total of 38 hours each week. FLSA Collective Plaintiffs and Class Members were scheduled to work similar hours each week.

40.    Throughout Plaintiff MERA's employment, Defendants paid Plaintiff at the New York State tip credit minimum wage and an improper overtime rate due to an invalid tip credit. FLSA Collective Plaintiffs, and Class Members similarly were paid at the New York State tip credit minimum wage and an improper overtime rate due to an invalid tip credit.

13

41.    At all times, Plaintiff MERA, FLSA Collective Plaintiffs, and Class Members were paid at the New York State tip credit minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff, FLSA Collective Plaintiffs, and Class Members, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA; (iii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent of the total hours worked each workweek in violation of the FLSA and NYLL; (iv) failed to accurately track daily tips earned or maintain records thereof; (v) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL; and (vi) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

42.    Plaintiff MERA was required to engage more than twenty percent of his working time in non-tipped related activities, including performing handyman work, painting, sweeping the sidewalk, polishing silver and glassware, taking out the garbage, and cleaning the bathroom. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding twenty percent of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

43.    At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class Members were not paid overtime premium for hours worked more than forty hours per week due to an invalid tip credit. Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs,

and Class Members the proper overtime premium rate of time and one half of regular hourly rate for each hour exceeding forty hours per workweek.

44.    Throughout his employment, Plaintiff MERA was not compensated for all hours worked, including overtime, due to time shaving. Plaintiff was only paid for his scheduled hours. However, from the start of his employment until in or around June 2022, Plaintiff was coming in thirty minutes early every day and working. From in or around June 2022 until the end of his employment, Plaintiff was required to come in two hours before his shift every day to perform non-tipped activities. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of time shaving.

45.    In failing to provide proper wage statements and notices to Plaintiff and Class members, as required under the Wage Theft Protection Act ("WTPA"), Defendants have generated a concrete harm to an interest identified by the New York State legislature. Defendants' failure to provide these documents frustrates New York's objective of, and Plaintiff's interest in, ensuring that employees receive all wages owed. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting the WTPA's wage notice and wage statement provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380.

46.    Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

47.    Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class Members. Defendants' conduct actually harmed Plaintiff and Class Members by weakening their ability to contest the sufficiency of Defendants' wage payments to them.

48.    For example, Plaintiff has alleged that he performed significant off-the-clock work for which he was not compensated. This means he has alleged that the number of hours listed on the wage statements he received from Defendants were inaccurate, having understated the number of hours Plaintiff actually worked. Withholding *accurate* wage statements, therefore, allowed Defendants to misrepresent themselves as having paid Plaintiff and other employees all wages due when Defendants had not, in fact, done that.

49.    Had the wage statements accurately represented Plaintiff's actual hours, they would have revealed a clear, unambiguous, and indisputable discrepancy between the number of hours that Plaintiff worked and the number of hours for which he was paid—thus providing Plaintiff with incontrovertible proof of Defendants' FLSA and NYLL violations. Such proof would have permitted Plaintiff and other similarly wronged employees to readily prevail on a motion for summary judgment early in the litigation, without the need to conduct much discovery, since accurate wage statements would have effectively constituted a written admission by Defendants of their wrongdoing.

50.    This legal leverage alone might well have incentivized Defendants to make Plaintiff and other employees whole—in order to avert what would be a hopelessly uphill litigation fight.

51.    Regardless of what Defendants would have done with Plaintiff in possession of such leverage, Plaintiff has described what is a certainty of a harm, not a mere risk, because it is certain that incontrovertible documentary evidence of Defendants' wage violations would have

placed Defendants in a far weaker legal position and Plaintiff in a far stronger one. Plaintiff has been concretely injured because Defendants' deceptive representations on Plaintiff's wage statements have prevented this outcome.

52.     Of course, Defendants WTPA violations could not prevent Plaintiff from bringing the instant action. But there is a substantial difference between prosecuting a lawsuit based on contestable testimony and doing so based on incontestable documentary evidence provided by the defendant itself, which is what Defendants' WTPA violations deprived Plaintiff of.

53.     Defendants may retort that accurate wage statements would not have placed them in a weaker position because the wage statements they did provide were, in fact, accurate. But that is an argument for another day, as the Court must accept Plaintiff's allegations as true at this stage of the litigation.

54.     There is no question that Plaintiff would be in a far better position than he is now had he received compliant wage statements. At worst, Plaintiff would have the means to readily prevail on a summary judgment motion, simply on the basis of documentary evidence generated by Defendants themselves. At best, Plaintiff might have avoided litigation altogether, since the threat thereof might have incentivized Defendants to just make Plaintiff whole.

55.     Because either of the foregoing outcomes would have been preferable to the status quo, Plaintiff and Class Members were concretely harmed when Defendants failed to provide them with the accurate wage statements that would have facilitated one of the preferred outcomes. The loss of an opportunity to readily prevail on a summary judgment motion with fairly little expenditure of resources is a concrete injury.

56.     Defendants knowingly and willfully operated their business with a policy of paying at the New York State tip credit minimum wage and at an improper overtime rate for hours worked

over forty in a workweek. Defendants were not entitled to claim any tip credits from Plaintiff, FLSA Collective Plaintiffs, and Class Members under FLSA or NYLL.

57.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class Members for all their hours worked, including overtime, due to time shaving.

58.    Defendants failed to provide wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

59.    Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under NYLL.

*Discrimination and Hostile Work Environment Claims:*

60.    Throughout his employment, Plaintiff MERA suffered from Defendants permitting kitchen workers and Manager Marko [LNU] to constantly abuse and harass Plaintiff and foster a hostile work environment based on his sexual orientation.

61.    Starting in or around June 2022, Plaintiff's co-workers line cook Antonio [LNU] and salad prep Agustino Salazar would call Plaintiff "puto", "pato", or "marica", all which are homophobic slurs in Spanish. Antonio [LNU] and Agustino Salazar would call Plaintiff this whenever Plaintiff came into the kitchen.

62.    Manager Marko [LNU] would also harass Plaintiff. When Plaintiff was painting and working, Manager Marko [LNU] would get close and touch Plaintiff's legs and grab Plaintiff's wrist and waist. Manager Marko [LNU] would also Plaintiff things like, "did you have good sex during your vacation."

63.    When Plaintiff complained to assistant manager Frank Joseph and manager Marko [LNU], they would just ignore him and tell him to "go back to work." Management would tell him

they didn't want to hear any more complaints and that he was too dramatic. They told him, " I don't want to hear a single further complaint from you." After Plaintiff heard this, he did not complain to management because nothing was being done and he feared termination.

64.    As a result of the hostile work environment and discrimination, Plaintiff requested to be transferred to another location. When Defendants denied his request Plaintiff quit because he could no longer handle the constant sexual harassment and abuse.

65.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

66.    Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

67.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

68.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiff within the meaning of FLSA.

69.    At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

70.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs at the proper overtime rate to for their hours worked over forty hours a week. Defendants were not entitled to claim any tip credits under the FLSA.

71.     At all relevant times, Defendants had a policy and practice of failing to pay all wages, including overtime, for all hours worked to Plaintiff and FLSA Collective Plaintiffs due to time shaving.

72.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

73.     Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including for overtime, when Defendants knew or should have known such was due.

74.     Defendants failed to properly disclose or apprise Plaintiff or FLSA Collective Plaintiffs of their rights under FLSA.

75.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

76.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime due to an invalid tip credit; unpaid wages, including overtime, due to time shaving; plus an equal amount as liquidated damages.

77.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable

attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### <u>VIOLATION OF NEW YORK LABOR LAW</u>

78.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

79.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

80.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them the statutory minimum wage and proper overtime premium for their lawful hours worked. Defendants were not entitled to claim any tip credits.

81.     Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them their wages for all hours worked, including overtime, due to time shaving.

82.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members wage notice, at date of hiring and annually thereafter, as required under NYLL.

83.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to Class Members for each payment period.

84.     Due to Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, including overtime, due to an invalid tip credit; unpaid wages, including overtime, due to time shaving; reasonable attorneys' fees; liquidated damages;

statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

**COUNT III**

**HOSTILE WORK ENVIRONMENT AND SEXUAL ORIENTATION
DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS
LAW**

**(New York State Executive Law § 296 *et seq*.)**

85.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

86.     The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms conditions, and privileges of employment, and the retaliation therefor, on the basis of an individual's sexual orientation.

87.     Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employees under the NYSHRL. Plaintiff is homosexual.

88.     Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuse made against Plaintiff on the basis of his sexual orientation by his co-workers and Manager Marko [LNU].

89.     As a result of this constant harassment Plaintiff requested to be transferred to another location, and when he could not had to quit.

90.     As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury including economic damages, and past and further physical and emotional distress.

91.     Due to Defendants' violations under the NYSHRL, Plaintiff is entitled to recover from Defendants: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

22

## COUNT IV

## HOSTILE WORK ENVIRONMENT AND SEXUAL ORIENTATION
## DISCRIMINATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW

92.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

93.     The New York City Human Right Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's sexual orientation.

94.     Defendants have and have had at all relevant times herein, at least four persons in their employment. Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employees under the NYCHRL. Plaintiff is homosexual.

95.     Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuse made against Plaintiff on the basis of his sexual orientation by his co-workers and Manager Marko [LNU].

96.     As a result of this constant harassment Plaintiff requested to be transferred to another location, and when he could not had to quit.

97.     As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury including economic damages, and past and further physical and emotional distress.

98.     Due to Defendants' violations under the NYCHRL, Plaintiff is entitled to recover from Defendants: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class Members respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime, due to an invalid tip credit under the FLSA;

d.  An award of unpaid wages, including overtime, due to an invalid tip credit under the NYLL;

e.  An award of unpaid wages, including overtime, due to time shaving under the FLSA and NYLL;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

h.  An award of back pay and compensatory damages due under the NYSHRL and NYCHRL;

i.  An award of punitive damages under the NYSHRL and NYCHRL;

j.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.   Designation of Plaintiff as Representatives of FLSA Collective Plaintiffs;

l.   Designation of this action as a class action pursuant to F.R.C.P. 23;

m.   Designation of Plaintiff as Representatives of the Class; and

n.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 26, 2023

Respectfully submitted,

By: */s/ C.K. Lee*
C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*