UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANILO MERA, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,<br><br>Plaintiff,<br><br>-against-<br><br>SA HOSPITALITY GROUP, LLC, CAFÉ FOCACCIA, INC. d/b/a FELICE WINE BAR, EIGHTY THIRD AND FIRST LLC d/b/a FELICE, FELICE CHAMBERS LLC d/b/a FELICE, FELICE 240, LLC d/b/a FELICE, FELICE HUDSON, LLC d/b/a FELICE, FELICE ROSLYN LLC, d/b/a FELICE, FELICE MONTAGUE, LLC d/b/a FELICE, JOHN DOE CORPORATION d/b/a FELICE, DIMITRI PAULI, and JACOPO GIUSTINIANI,<br><br>Defendants. | Civil Action No. 1:23-cv-03492-PGG |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THE ACTION**

William J. Anthony, Esq.
Adriana H. Foreman, Esq.
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298

*Attorneys for Defendants*

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................. 1

PROCEDRUAL HISTORY AND STATEMENT OF FACTS .......................................... 3

    A.    Procedural History ................................................. 3

    B.    The Complaint ................................................. 3

    C.    Plaintiffs' Arbitration Agreements ................................. 3

    D.    Plaintiff was well aware of his obligations under the arbitration agreement......... 4

ARGUMENT .................................................................................. 5

THE COURT SHOULD COMPEL ARBITRATION ................................................. 7

    A.    The Arbitration Agreement Delegates Exclusive Authority to the Arbitrator to Decide Issues Relating to the Applicability or Validity of the Arbitration Agreement ........................................ 7

    B.    The Arbitration Agreement Is Valid and Enforceable and Covers the Subject Matter of the Complaint ................................ 8

    C.    The Parties Entered into Valid Arbitration Agreements ....................... 9

    D.    Plaintiffs' Claims Fall Within the Scope of the Arbitration Agreements ........... 10

    E.    Plaintiffs' Statutory Claims Are Arbitrable ......................... 12

    F.    All of Plaintiffs' Claims Are Arbitrable ......................... 13

    G.    Plaintiff Must Arbitrate Their Claims on an Individual Basis ................ 13

CONCLUSION ................................................................ 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACE Cap. Re Overseas Ltd.* v. *Cent. United Life Ins. Co.*,
  307 F.3d 24 (2d Cir. 2002) (Sotomayor, J.)...........................................................11

*Adams v. Suozzi*,
  433 F.3d 220 (2d Cir. 2005).............................................................................5

*Ahing v. Lehman Bros.*,
  No. 94 Civ. 9027 (CSH), 2000 WL 460443 (S.D.N.Y. Apr. 18, 2000) ..................12

*Am. Int'l Specialty Lines Ins. Co. v. Allied Capital Corp.*,
  35 N.Y.3d 64 (2020) ....................................................................................15

*Arakawa v. Japan Network Grp.*,
  56 F. Supp. 2d 349 (S.D.N.Y. 1999)................................................................12

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011)......................................................................................14

*AT&T Techs., Inc. v. Commc'ns. Workers of Am.*,
  475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)....................................7, 8, 13

*Brecher v. Midland Credit Mgmt.*,
  No. 18-cv-3142 (ERK)(JO), 2019 WL 1171476 (E.D.N.Y. Mar. 13, 2019)...........10

*Brown v. St. Paul Travelers Co., Inc.*,
  331 Fed. Appx. 68 (2d Cir. 2009)....................................................................16

*Castellanos v. Raymours Furniture Co., Inc.*,
  291 F. Supp. 3d 294 (E.D.N.Y. 2018) ...............................................................6

*Castro v. TCA Logistics Corp.*,
  No. 20-cv-2004 (JS)(ARL), 2021 WL 7287305 (E.D.N.Y. Mar. 31, 2021)
  (Seybert, J.) ................................................................................................12

*Chen v. Kyoto Sushi, Inc.*,
  No. 15-cv-7398 (DLI)(JO), 2017 WL 4236556 (E.D.N.Y. Sept. 22, 2017)...........12

*Chung*,
  No. 21-CV-3861 (LJL), 2021 WL 4710483 ........................................................13

*Citigroup Inc.* v. *Sayeg*,
  No. 21-cv-10413 (JPC), 2022 WL 179203 (S.D.N.Y. Jan. 20, 2022).....................11

*Citizens Bank v. Alafabco, Inc.*,
  539 U.S. 52 (2003) ...........................................................................5

*CNH Indus. N.V. v. Reese*,
  ⸺ U.S. ⸺, 138 S. Ct. 761, 200 L.Ed.2d 1 (2018) (per curiam) .........................................7

*Convergen Energy LLC v. Brooks*,
  20-cv-3746 (LJL), 2020 WL 5549039 (S.D.N.Y. Sept. 16, 2020) ..........................................11

*Davarci v. Uber Techs., Inc.*,
  20-CV-9224 (VEC), 2021 WL 3721374 (S.D.N.Y. Aug. 20, 2021) .......................................15

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985) ...........................................................................6

*Denson v Donald J. Trump for President, Inc.*,
  18-CV-2690 (JMF), 2018 WL 4568430 (S.D.N.Y., Aug. 30, 2018)......................................16

*Epic Systems Corp. v. Lewis*,
  138 S. Ct. 1612 (2018) ....................................................................14, 15

*Feroce v. Bloomingdale's Inc.*,
  No. 12-CV-5014 (SJF)(GRB), 2014 WL 294199 (E.D.N.Y. Jan. 24, 2014)............................5

*First Options of Chicago, Inc. v. Kaplan*,
  514 U.S. 938 (1995)........................................................................8, 9

*Frankel v. Citicorp Ins. Servs., Inc.*,
  No. 11 CV 2293 (NGG)(RER), 2014 WL 10518555 (E.D.N.Y. Aug. 12,
  2014) ...........................................................................................15

*GateGuard, Inc. v. Goldenberg*,
  585 F.Supp.3d 391 ...........................................................................11

*Gaul v. Chrysler Fin. Servs. Am. LLC*,
  657 F. App'x 16 (2d Cir. 2016) ..............................................................11

*Genesco, Inc. v. T. Kakiuchi & Co.*,
  815 F.2d 840 (2d Cir. 1987)..................................................................10

*Gil v. Bensusan*,
  No. 18-cv-10657 (VEC), 2019 WL 12334706 (S.D.N.Y. Oct. 30, 2019) .............................10

*Gilbert v. Indeed, Inc.*,
  513 F. Supp. 3d 374 (S.D.N.Y. 2021)........................................................8

*Granite Rock Co. v. Int'l Bhd. of Teamsters*,
  561 U.S. 287, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010)..................................6, 7, 9

*Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp.*,
   246 F.3d. 219 (2d Cir. 2001)............................................................................9

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
   139 S. Ct. 524 (2019).....................................................................................8

*Henry v. Turner Const. Co.*,
   No. 09-CV-9366 (SAS), 2010 WL 2399423 (S.D.N.Y. June 14, 2010) .................16

*Hodges v. All Transit LLC*,
   No. CV 13-2587 LDW ARL, 2014 WL 537748 (E.D.N.Y. Feb. 7, 2014).........6, 15

*Howsam v. Dean Witter Reynolds, Inc.*,
   537 U.S. 79 (2002).........................................................................................8

*Johnson v. Tishman Speyer Properties, L.P.*,
   No. 09 Civ. 1959 (WHP), 2009 WL 3364038 (S.D.N.Y. Oct. 16, 2009).............15

*Katz v. Cellco P'Ship*,
   794 F.3d 341 (2d Cir. 2015)..........................................................................10

*Lamps Plus, Inc. v. Varela*,
   139 S. Ct. 1407 (2019).................................................................................14

*LaVoice v. UBS Fin. Servs., Inc.*,
   No. 11-cv-2308(BSJ) (JLC), 2012 WL 124590 (S.D.N.Y. Jan. 13, 2012)............13

*Litvinov v. UnitedHealth Group Inc.*,
   No. 13-CV-8541 (KBF), 2014 WL 1054394 (S.D.N.Y. Mar. 11, 2014)................16

*Local Union 97, International Brotherhood of Electrical Workers, AFL-CIO v.*
   *Niagara Mohawk Power Corporation*,
   2023 WL 3214508 (Second Circuit, May 3, 2023) ................................................7

*M & G Polymers USA, LLC v. Tackett*,
   574 U.S. 427, 135 S.Ct. 926, 190 L.Ed.2d 809 (2015)..........................................7

*Manigault v. Macy's East, LLC*,
   318 F. App'x 6 (2d Cir 2009)........................................................................10

*Martin v. SCI Mgmt. L.P.*,
   296 F. Supp. 2d 462 (S.D.N.Y. 2003)............................................................13

*Meyer v. Uber Techs., Inc.*,
   868 F.3d 66 (2d Cir. 2017)..............................................................................5

*Milgrim v. Backroads, Inc.*,
   142 F. Supp. 2d 471 (S.D.N.Y. 2001)............................................................15

*Nayal v. HIP Network Servs. IPA, Inc.*,
   620 F. Supp. 2d 566 (S.D.N.Y. 2009) ...................................................................10

*Nulife Entm't, Inc. v. Torres*,
   698 F. Supp. 2d 409 (S.D.N.Y. 2010) ..................................................................15

*Parisi v. Goldman, Sachs & Co.*,
   710 F.3d 483 (2d Cir. 2013) ...................................................................................6

*Rajjak v. McFrank & Williams*,
   No. 01 CIV 0493 (LAP), 2001 WL 799766 (S.D.N.Y. July 13, 2001) ..................11

*Rent-A-Center, West, Inc.*,
   561 U.S. ...................................................................................................................8

*Rent-A-Center, West, Inc. v. Jackson*,
   130 S.Ct. 2772 (2010) .............................................................................................8

*Reyes v. Gracefully, Inc.*,
   No. 17-CV-9328 (VEC), 2018 WL 2209486 (S.D.N.Y. May 11, 2018) ..................6

*Robinson Brog Leinwand Greene Genovese & Gluck P.C.* v. *John M. O'Quinn &
   Assocs., L.L.P.*,
   523 F. App'x 761 (2d Cir. 2013) ...........................................................................11

*Safra Sec., LLC v. Gonzalez*,
   764 F. App'x 125 (2d Cir. 2019) ...........................................................................16

*Simeon v. Domino's Pizza, LLC*,
   No. 17-cv-5550 (RJD)(ST), 2019 WL 7882143 (E.D.N.Y. Feb. 6, 2019) ..............5

*Southland Corp. v. Keating*,
   465 U.S. 1 (1984) .....................................................................................................6

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
   559 U.S. 662 (2010) ...............................................................................................14

*Sutherland v. Ernst & Young LLP*,
   726 F.3d 290 (2d Cir. 2013) ........................................................................6, 12, 13

*T. Park Cent., LLC* v. *Bluegreen Vacations Unlimited, Inc.*,
   2021 WL 5826296 (S.D.N.Y. Dec. 7, 2021) .........................................................11

*Thomas v. Pub. Storage, Inc.*,
   957 F. Supp. 2d 496 (S.D.N.Y. 2013) .............................................................10, 16

*Torres v. United Healthcare Servs.*, Inc.,
   920 F. Supp. 2d 368, 379 (E.D.N.Y. 2013) ...........................................................16

*Toure v. Thunder Lube Inc.*,
   No. 17-cv-657, 2019 WL 4805197 (E.D.N.Y. Sept. 30, 2019) ...............................................12

*Viking River Cruises, Inc. v. Moriana*,
   142 S.Ct. 1906 (2022) .........................................................................................................5

*Ward v. Ernst & Young U.S. LLP*,
   468 F. Supp. 3d 596 (S.D.N.Y. 2020) ..................................................................................8

*WorldCrisa Corp. v. Armstrong*,
   129 F.3d 71 (2d Cir. 1997) ...................................................................................................9

*Xue Wen v. Am. Bus. Inst. Corp.*,
   2020 NY Slip Op 31472(U), 2020 WL 2621715 (Sup. Ct., N.Y. Cty. May 20,
   2020) ..................................................................................................................................15

**Statutes**

Fair Labor Standards Act (FLSA)..................................................................................3, 5, 6

New York Executive Law § 290.............................................................................................3

New York Labor Law (NYLL)......................................................................................2, 3, 5, 6

NYC Human Rights Law (NYCHRL)..................................................................................3, 5

   NYCHRL § 8-107...........................................................................................................3

New York State Human Rights Law (NYSHRL)...................................................................5

**Other Authorities**

9 U.S.C. § 2........................................................................................................................5, 10

9 U.S.C. § 2.2..........................................................................................................................5

9 U.S.C. § 3.............................................................................................................................9

9 U.S.C. § 4.............................................................................................................................9

CPLR § 7501.........................................................................................................................15

Federal Arbitration Act (FAA) ......................................................................................2, 5, 6

FAA § 3.................................................................................................................................15

Defendants SA HOSPITALITY GROUP, LLC, CAFÉ FOCACCIA, INC. d/b/a FELICE WINE BAR, EIGHTY THIRD AND FIRST LLC d/b/a FELICE, FELICE CHAMBERS LLC d/b/a FELICE, FELICE 240, LLC d/b/a FELICE, FELICE HUDSON, LLC d/b/a FELICE, FELICE ROSLYN LLC, d/b/a FELICE, FELICE MONTAGUE, LLC d/b/a FELICE, JOHN DOE CORPORATION d/b/a FELICE, DIMITRI PAULI, JACOPO GIUSTINIANI[1] ("Defendants") by and through its attorneys, Littler Mendelson, P.C., respectfully submit this memorandum of law in support of its motion to compel arbitration of all claims asserted by Plaintiff Danilo Mera ("Plaintiff") in the Class and Collective Action Complaint ("Complaint") and stay further proceedings in this Action.

## PRELIMINARY STATEMENT

This Action, which is based upon alleged federal and state employment law violations, belongs in arbitration.  Plaintiff unequivocally agreed to arbitrate all claims arising from his employment with Defendants on an individual basis by executing a contract containing a binding arbitration agreement.  This binding agreement was executed by Plaintiff as part of his acceptance of employment from Defendant.

Plaintiff Danilo Mera signed an arbitration agreement that specifically provides that he "agrees that any disputes arising out of or in any way relating to Employee's employment or termination from employment with [Defendants] shall be resolved exclusively by final and binding arbitration on an individual basis before one neutral arbitrator." *See* Exhibits A and B ("SA Hospitality Group Arbitration Agreement"), annexed to the Declaration of William Anthony, Esq. dated May 9, 2023, ("Anthony Decl.[2]") at ¶ 3.  It further states that: "The parties voluntarily and

---

[1] Defendants are refiling this motion to include individual Defendants Dimitri Pauli and Jacopo Giustiniani.
[2] As used herein, "Anthony Decl." shall refer to the Declaration of William Anthony, dated May 5, 2023, and submitted herewith.

irrevocably waive any and all rights to have any Dispute heard or resolved in any forum other than through arbitration." This Arbitration Agreement requires arbitration of all legal disputes arising out of Mera's employment and provides that "Any type of class, collective claims or multi-party claims are expressly prohibited." *Id.* Further, the Arbitration Agreement provided to Plaintiff was in Spanish, his native language. Thus, there can be no dispute that Plaintiff did not understand what he was signing. Notwithstanding these clear contractual obligations to arbitrate these claims, Plaintiff filed this federal-court action against Defendants, purporting it did not compensate him (and members of a putative class and collective) appropriately for all hours worked or provide required notices under the NYLL, and alleging claims of a hostile work environment and sexual orientation discrimination.   This was after he was advised of and reminded of his arbitration agreement.

The Federal Arbitration Act ("FAA") and settled precedent in this Circuit strongly favor the enforcement of an arbitration agreement if it is susceptible to an interpretation that requires arbitration.   Defendants far surpass that standard here. In this Action, Plaintiff seeks to recover minimum wage, overtime compensation, back wages, compensatory and punitive damages, statutory penalties for the putative class and collective, and liquidated damages.   These claims fall squarely within the scope of the Arbitration Agreement that Plaintiff unequivocally signed.   Settled principals of equitable estoppel entitles Defendants to enforce this arbitration agreement because Plaintiff agreed to arbitrate the exact claims he raises in the instant Action.

Therefore, Defendants respectfully request the Court stay further proceedings and compel arbitration.

## PROCEDRUAL HISTORY AND STATEMENT OF FACTS

**A.     Procedural History**

On or about April 26, 2023, Plaintiff Danilo Mera filed this purported class and collective action on behalf of himself and "all non-exempt employees, including servers, bartenders, barbacks, waiters, bussers, and food runners among others, employed by Defendants" in the United States District Court for the Southern District of New York.  Defendants hereby move to compel arbitration and stay this proceeding.

**B.     The Complaint**

The Complaint, pled as a putative class and collective action, asserts violations of various wage and hour laws under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Principally, Plaintiff alleges that Defendants willfully deprived Plaintiff and other similarly situated employees of (1) minimum wages and overtime premiums in violation of the FLSA, (2) minimum wages and overtime premiums in violation of the NYLL, and (3) annual wage notices and wage statements as required by the NYLL. Plaintiff also alleges that he was subjected to a hostile work environment, and discrimination and retaliation based on his sexual orientation under New York Executive Law § 290 *et seq*. ("NYSHRL"), and Administrative Code of the City of New York § 8-107 *et seq*. ("NYCHRL").

**C.     Plaintiffs' Arbitration Agreements**

Plaintiff agreed to be bound by an arbitration agreement.  *See* Exhibit A and B to Anthony Decl.   This Arbitration Agreement specifically memorializes Plaintiff's and Defendants' agreement that, "[t]he parties voluntarily and irrevocably waive any and all rights to have any Dispute heard or resolved in any forum other than through arbitration." This Arbitration

Agreement applies to cover all "disputes arising out of or in any way relating to Employees' employment or termination from employment with" Defendants.

The agreement requires Plaintiff not only to pursue his claims in binding arbitration, but to do so on an individual basis. *See* Exhibits A and B to Anthony Decl. The SA Hospitality Group Arbitration Agreement expressly requires that "[a]ny type of class, collective claims or multi-party claims are expressly prohibited" and must be brought on an individual basis

Plaintiff's execution of this agreement shows that Plaintiff and Defendants agreed to resolve the claims raised in the Complaint in binding arbitration and on an individual basis and <u>not</u> on a class or collective basis. As such, Plaintiff's claims are subject to a class action waiver and mandatory arbitration.

### D. <u>Plaintiff was well aware of his obligations under the arbitration agreement.</u>

It is undoubtably true that Plaintiff entered into an agreement with the Company to arbitrate his employment-related claims on May 23, 2022. Significantly, prior to initiating this action, on April 13, 2023, Defendants' counsel contacted Plaintiff's counsel, C.K. Lee ("Mr. Lee"), with a copy of Plaintiff's signed Arbitration Agreement, putting Plaintiff on notice of his obligation to submit his employment-related claims against the Company to binding arbitration. (Anthony Decl. ¶ 3; Anthony Decl. Ex. A and B). Plaintiff's counsel never responded to this correspondence. Despite Plaintiff's knowledge and awareness of the valid and enforceable Arbitration Agreement, dated May 23, 2022, Plaintiff brought the above-captioned action against the Company and two SA Hospitality Group principals, Dimitri Pauli, and Jacopo Giustiniani (collectively, referred to as "Defendants"). The Complaint alleges, *inter alia*, employment-related claims of wage violations, sexual orientation discrimination, a hostile work environment, and retaliation under the FLSA, NYLL, NYSHRL, and NYCHRL. (Compl. ¶¶ 66-98). By filing the instant action, Plaintiff

and his counsel deliberately disregarded Plaintiff's obligations under the Arbitration Agreement, even though they knew that Plaintiff was contractually required to submit his claims to arbitration.

## **ARGUMENT**

The FAA provides that a written arbitration agreement involving federal statutory claims arising from an alleged employment relationship "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.2;[3] *Feroce v. Bloomingdale's Inc.,* No. 12-CV-5014 (SJF)(GRB), 2014 WL 294199, at *4 (E.D.N.Y. Jan. 24, 2014) ("[w]here a valid arbitration agreement exists, the FAA requires that federal statutory claims arising from an employment relationship . . . be subject to mandatory arbitration."). This is true where the arbitration agreement was part of the terms (and a condition of) plaintiffs' employment, and therefore affected commerce. *Simeon v. Domino's Pizza, LLC,* No. 17-cv-5550 (RJD)(ST), 2019 WL 7882143, at *3 (E.D.N.Y. Feb. 6, 2019) (arbitration agreement for pizza delivery drivers, which was a condition of their employment, affected commerce).

The FAA thus creates an "enforcement mandate, which renders agreements to arbitrate enforceable as a matter of federal law." *Viking River Cruises, Inc. v. Moriana,* 142 S.Ct. 1906, 1917 (2022*).* In that way, the FAA reflects "a liberal federal policy favoring arbitration agreements and places arbitration agreements on the same footing as other contracts." *Meyer v. Uber Techs., Inc.,* 868 F.3d 66, 73 (2d Cir. 2017) (internal quotation marks and citations omitted). The FAA's "preference for enforcing arbitration agreements applies even when the claims at issue are federal

---

[3] Plaintiff alleges that Defendants is subject to the FLSA insofar as Defendants is alleged to have engaged in interstate commerce. 9 U.S.C. § 2; *see Adams v. Suozzi,* 433 F.3d 220, 225 (2d Cir. 2005) (noting that the FAA extends to the "broadest permissible exercise of Congress' Commerce Clause power"). This requirement is broadly construed, consistent with the full reach of the Commerce Clause, to apply the FAA even if there is no "'specific effect upon interstate commerce if in the aggregate the economic activity in question would represent 'a general practice . . . subject to federal control.'" *Citizens Bank v. Alafabco, Inc.,* 539 U.S. 52, 56 (2003).

statutory claims," including "claims arising under a statute designed to further important social policies." *Parisi v. Goldman, Sachs & Co.,* 710 F.3d 483, 486–87 (2d Cir. 2013).

The FAA "create[d] a body of federal substantive law," which is "applicable in state and federal courts." *Southland Corp. v. Keating*, 465 U.S. 1, 12, 10 (1984) ("[i]n enacting Section 2 of the [FAA], Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration."). Indeed, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Courts have routinely held arbitration agreements enforceable under statutory claim brought pursuant to federal and state wage and hour laws, such as the FLSA and NYLL. *See Sutherland v. Ernst & Young LLP,* 726 F.3d 290, 298 (2d Cir. 2013); *Reyes v. Gracefully, Inc.,* No. 17-CV-9328 (VEC), 2018 WL 2209486, at *4 (S.D.N.Y. May 11, 2018) (FLSA and NYLL); *Castellanos v. Raymours Furniture Co., Inc.,* 291 F. Supp. 3d 294, 302 (E.D.N.Y. 2018) (finding plaintiff must proceed to arbitration on an individualized basis for their claims under the FLSA); *Hodges v. All Transit LLC,* No. CV 13-2587 LDW ARL, 2014 WL 537748, at *2 (E.D.N.Y. Feb. 7, 2014) (finding "that the Arbitration Provision 'clearly and unmistakably' requires arbitration of plaintiff's FLSA claims").

"It is well settled in both commercial and labor cases that whether parties have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010) (citations and internal quotation marks omitted).

As set forth in *Local Union 97, International Brotherhood of Electrical Workers, AFL-CIO v. Niagara Mohawk Power Corporation*, 2023 WL 3214508 (Second Circuit, May 3, 2023), in *Granite Rock*, the Supreme Court clarified "the proper framework for deciding when disputes are arbitrable." *Id.* at 297, 130 S.Ct. 2847. The Court held that "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*." *Id.* (citations omitted). Because " 'arbitration is a matter of contract[,]'.... 'arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration.' " *Id.* at 296, 130 S.Ct. 2847 (quoting *AT&T Techs., Inc. v. Commc'ns. Workers of Am.*, 475 U.S. 643, 648-49, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)). Ordinary principles of contract law guide the inquiry into whether an arbitration agreement was validly formed and whether the parties consented to arbitrate a particular dispute. *Id.* at 296, 130 S.Ct. 2847; *accord M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 435, 135 S.Ct. 926, 190 L.Ed.2d 809 (2015); *CNH Indus. N.V. v. Reese*, —— U.S. ——, 138 S. Ct. 761, 763-65, 200 L.Ed.2d 1 (2018) (per curiam). 296, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010) (citations and internal quotation marks omitted).

As demonstrated throughout, Defendants easily meets the FAA's standards for compelling arbitration on an individual basis.

## THE COURT SHOULD COMPEL ARBITRATION

### A.   The Arbitration Agreement Delegates Exclusive Authority to the Arbitrator to Decide Issues Relating to the Applicability or Validity of the Arbitration Agreement

In deciding whether to compel arbitration, the court usually is charged with deciding two "gateway" issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79,

84 (2002).  Unless the "the parties clearly and unmistakably provide" that an arbitrator should decide these two-gateway questions, then an arbitrator, not a court, decides these issues.  *AT&T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986); *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("[t]he question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter"); *Ward v. Ernst & Young U.S. LLP*, 468 F. Supp. 3d 596, 604 (S.D.N.Y. 2020) (citing to *Rent-A-Center, West, Inc. v. Jackson,* 130 S.Ct. 2772 (2010) and recognizing that courts must enforce delegation provisions and allow arbitrator to decide issues of arbitrability).

Here, the Parties clearly and unmistakably agreed to resolve disputes through arbitration insofar as the parties specifically acknowledged and provided their intent to arbitrate.  *See Rent-A-Center, West, Inc.,* 561 U.S. at 68-72; *Gilbert v. Indeed, Inc.*, 513 F. Supp. 3d 374, 409 (S.D.N.Y. 2021) ("[i]f the parties evidenced 'clear and unmistakable' intent to submit the dispute to an arbitrator, then the Court shall delegate the third question to the arbitrator.") (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.,* 139 S. Ct. 524, 530 (2019)).

On this basis alone, the Court should compel arbitration of Plaintiffs' claims.

### B.  The Arbitration Agreement Is Valid and Enforceable and Covers the Subject Matter of the Complaint

Because all issues of enforceability and arbitrability are committed to arbitration, the Court should compel arbitration on that basis alone.  If the Court addresses those issues, however, the outcome is nevertheless the same; Plaintiffs' claims are covered by the Arbitration Agreement and belong in binding arbitration.

The determination of whether a dispute is arbitrable under the FAA consists of two prongs: "(1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the

arbitration agreement." *Granite Rock* at 297, 130 S.Ct. 2847; *Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp.,* 246 F.3d. 219, 226 (2d Cir. 2001). To find a valid agreement to arbitrate, a court must apply the "generally accepted principles of contract law. *Granite Rock* at 296, 130 S.Ct. 2847.

In this case, both the FAA and the Second Circuit's criteria for arbitrability are easily met because: (1) the Parties executed an arbitration agreement; (2) the arbitration agreements explicitly covers claims arising out of Plaintiffs' contracts with Defendant; (3) there are no non-arbitrable claims in this action, and (4) there is no need to stay any non-arbitrable claims as none exist. Therefore, the Court must stay Plaintiffs' claims in favor of arbitration. *See* 9 U.S.C. §§ 3, 4; *see also WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997) (district court "must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding.").

### C.   The Parties Entered into Valid Arbitration Agreements

"When deciding whether the parties agreed to arbitrate a certain matter," courts generally "should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc.,* 514 U.S. 944. State law principals dictate that Plaintiffs' claims belong in binding arbitration. *Thomas v. Pub. Storage, Inc.*, 957 F. Supp. 2d 496, 499 (S.D.N.Y. 2013) ("[i]n determining whether parties have agreed to arbitrate, courts apply generally accepted principles of contract law.") (internal citations omitted). Here, Plaintiff affirmatively, expressly, and unequivocally agreed, to arbitrate all claims arising out of his contract, including federal and state wage and hour and discrimination claims.

Under New York law, even "take-it-or-leave-it" arbitration agreements, presented and signed digitally, are fully enforceable as a matter of law. *See Nayal v. HIP Network Servs. IPA,*

*Inc.*, 620 F. Supp. 2d 566, 571-72 (S.D.N.Y. 2009).  In fact, neither the FAA nor New York law requires executed arbitration agreements.  9 U.S.C. § 2; *accord Genesco, Inc,* 815 F.2d 846  ("[I]t is well-established that a party may be bound by an agreement to arbitrate even absent a signature."), *abrogated on other grounds* by, *Katz v. Cellco P'Ship,* 794 F.3d 341 (2d Cir. 2015); *Brecher v. Midland Credit Mgmt.,* No. 18-cv-3142 (ERK)(JO), 2019 WL 1171476, at \*5 (E.D.N.Y. Mar. 13, 2019) ("A signature is not required" to enforce an arbitration agreement); *See Thomas,* 957 F. Supp. 2d 499 ("Plaintiff's signature, however, is not necessary to establish her assent to Defendants' policy regarding the arbitration of employment-related disputes.").  In fact, even if Defendants did not have a signed arbitration agreement—which it does—Plaintiffs' claims would still be subject to binding arbitration because Defendants can show that it had a policy of requiring all employees to sign arbitration agreements.  *Gil v. Bensusan,* No. 18-cv-10657 (VEC), 2019 WL 12334706, at \*4 (S.D.N.Y. Oct. 30, 2019) (concluding the employer can enforce the arbitration agreement, even though it could not produce a copy signed by the plaintiff, because the desire for arbitration can be presumed through evidence of the employer's "standard office procedure"); *Manigault v. Macy's East, LLC,* 318 F. App'x 6, 8 (2d Cir 2009) ("New York, unlike other jurisdictions, has found that continued employment, without more, is sufficient to manifest assent.") (internal citation omitted).  Defendants maintained a policy and practice of requiring all employees to sign arbitration agreements.

In light of the above, there was a valid agreement to arbitrate between each Plaintiff and Defendant.

### D.    Plaintiffs' Claims Fall Within the Scope of the Arbitration Agreements

Here, Plaintiffs' Arbitration Agreements speaks in both broad and specific terms that unequivocally show it covers all of the claims alleged in the Complaint.  *See* Exhibit A at 2; *See*

*also*, Exhibit B at 2.  These Arbitration Agreements state specifically that they apply any claim "that may arise in connection with [Plaintiffs'] employment with the Company" (*See* Exhibit A at 2) and "that may rise out of the employment context."  *See* Exhibit B at 2; *see also Gaul* v. *Chrysler Fin. Servs. Am. LLC*, 657 F. App'x 16, 17 (2d Cir. 2016); *Robinson Brog Leinwand Greene Genovese & Gluck P.C.* v. *John M. O'Quinn & Assocs., L.L.P.*, 523 F. App'x 761, 764 (2d Cir. 2013); *GateGuard, Inc.* v. *Goldenberg*,585 F.Supp.3d 391, S.D.N.Y. 2022); *Citigroup Inc.* v. *Sayeg*, No. 21-cv-10413 (JPC), 2022 WL 179203, at *6 (S.D.N.Y. Jan. 20, 2022); *Convergen Energy LLC* v. *Brooks*, 20-cv-3746 (LJL), 2020 WL 5549039, at *16 (S.D.N.Y. Sept. 16, 2020); *T. Park Cent., LLC* v. *Bluegreen Vacations Unlimited, Inc.*, 2021 WL 5826296, at *5 (S.D.N.Y. Dec. 7, 2021) (collecting additional cases making the same point); *ACE Cap. Re Overseas Ltd.* v. *Cent. United Life Ins. Co.*, 307 F.3d 24, 33 (2d Cir. 2002) (Sotomayor, J.).

The present Plaintiff agreed in writing to arbitrate the claims asserted in the Complaint.  By signing the Arbitration Agreements, Plaintiff agreed to arbitrate <u>any</u> disputes relating to these agreements and their employment with Defendant.  *Id.*  The Complaint asserts three causes of action under the FLSA and NYLL.  *Rajjak v. McFrank & Williams,* No. 01 CIV 0493 (LAP), 2001 WL 799766, at *2 (S.D.N.Y. July 13, 2001) (arbitration clauses that cover employment-related disputes are construed broadly); *Ahing v. Lehman Bros.,* No. 94 Civ. 9027 (CSH), 2000 WL 460443, at *1 (S.D.N.Y. Apr. 18, 2000) (granting defendant's motion to compel arbitration of Title VII where arbitration clause at issue stated "I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment shall be submitted to arbitration"); *cf. Arakawa v. Japan Network Grp.*, 56 F. Supp. 2d 349, 352-353 (S.D.N.Y. 1999) (finding arbitration clause covering "any and all disputes and claims which arise out of or relate to [plaintiff's] employment . . . or to the termination of [plaintiff's] employment

with or without cause" should be "interpreted broadly to cover any disputes arising out of the employment relationship").  Each claim in Plaintiffs' Complaint is based on activities that arose out of Plaintiffs' contractual and employment relationships with Defendant.  *Castro v. TCA Logistics Corp.,* No. 20-cv-2004 (JS)(ARL), 2021 WL 7287305, at *6 (E.D.N.Y. Mar. 31, 2021) (Seybert, J.) (collecting cases, and concluding that "NYLL causes of action are arbitrable" matters) (*quoting Toure v. Thunder Lube Inc.,* No. 17-cv-0657 (DLI)(JO), 2019 WL 4805197, at *3 (E.D.N.Y. Sept. 30, 2019); Shang Zhong *Chen v. Kyoto Sushi, Inc.,* No. 15-cv-7398 (DLI)(JO), 2017 WL 4236556, at *3 (E.D.N.Y. Sept. 22, 2017) (same).  Indeed, courts routinely find FLSA and NYLL claims to be suitable for arbitration.  *See, e.g., Sutherland v. Ernst & Young LLP,* 726 F.3d 290, 297 (2d Cir. 2013) (reversing district court's decision to deny motion to compel arbitration of Plaintiff' FLSA and NYLL claims); *Castro* 2021 WL 7287305, at *6  (Seybert, J.) (collecting cases concluding FLSA and NYLL causes of action are arbitrable matters); *Chen* 2017 WL 4236556, at *3 (same).

Therefore, because Plaintiffs' claims in this case relate to and directly arise from their employment with Defendant, their claims clearly fall within the scope of the arbitration agreements and therefore must be resolved through arbitration.

### E.    Plaintiffs' Statutory Claims Are Arbitrable

Defendants meets the Second Circuit's third factor because Plaintiffs' claims fall within the scope of the arbitration clauses at issue.  "[T]here is a presumption of arbitrability in the sense that '[an] order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute,'" and doubts should be "'resolved in favor of coverage.'"  *AT&T Tech., Inc. v. Communications Workers of America,* 475 U.S. 643, 650 (1986) (internal citations omitted).

Plaintiffs' FLSA and NYLL claims are clearly suitable for arbitration. *See, e.g., Chung v. 335 Madison Ave. LLC,* No. 21-CV-3861 (LJL), 2021 WL 4710483, at *4 (holding that FLSA and NYLL may be subject to arbitration); *Sutherland* 726 F.3d 297 (reversing district court's decision to deny motion to compel arbitration of Plaintiff' FLSA and NYLL overtime claims); *LaVoice v. UBS Fin. Servs., Inc.,* No. 11-cv-2308(BSJ) (JLC), 2012 WL 124590, at *7-8 (S.D.N.Y. Jan. 13, 2012) (granting defendants' motion to compel arbitration of plaintiff's FLSA and NYLL overtime claims);.

**F.     All of Plaintiffs' Claims Are Arbitrable**

The fourth part of the Second Circuit's inquiry, *i.e.,* whether non-arbitrable claims should be stayed pending arbitration, is inapplicable here because all of Plaintiffs' claims are arbitrable. *Martin v. SCI Mgmt. L.P.*, 296 F. Supp. 2d 462, 467-468 (S.D.N.Y. 2003) ("[b]ecause all of the plaintiff's claims are arbitrable, it is not necessary to determine whether any nonarbitrable claims should be stayed pending the outcome of the arbitration.").

**G.     Plaintiff Must Arbitrate Their Claims on an Individual Basis**

It is well-established that class action waivers in arbitration agreements governed by the FAA are valid and enforceable.  The Supreme Court has repeatedly upheld the enforcement of class action waivers.  The Court held in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010), that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Id*. at 684.  The Court affirmed the enforceability of class waivers a year later, reiterating that the bedrock principle of the FAA is that arbitration agreements must be enforced as written. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011); *accord Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415-19 (2019) (courts may not compel parties to arbitrate in any manner that is "markedly different

13

from . . . traditional individualized arbitration" and that "interferes with [the] fundamental attributes of arbitration"—informality, speed, and cost-efficiency—unless the parties expressly agreed to do so).

In *Epic Systems Corp. v. Lewis,* 138 S. Ct. 1612 (2018), the Court invalidated the "*Morris* rule" barring class and collective action waivers based on the purported violation of employees' rights under the National Labor Relations Act ("NLRA").  The Court rejected that reasoning, holding that the *Morris* rule ran afoul of the FAA because it was not a defense that "would render any contract unenforceable," but rather, it "attack[ed] (only) the individualized nature of the arbitration proceedings" and "interfere[d] with one of arbitration's fundamental attributes." *Id.* at 1622.  The NLRA could not override class waivers because "[i]n the [FAA], Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Id*. at 1619.  The Court concluded that its holding is consistent with its prior holding "decades ago that an identical collective action scheme (in fact, one borrowed from the FLSA) does not displace the Arbitration Act or prohibit individualized arbitration proceedings." *Id*. at 1626; *see also, e.g., Frankel v. Citicorp Ins. Servs., Inc.*, No. 11 CV 2293 (NGG)(RER), 2014 WL 10518555, at *1 (E.D.N.Y. Aug. 12, 2014) (compelling arbitration in light of the Supreme Court's "line of cases [which have] aggressively enforced arbitration agreements containing class action waivers").

The Court should compel Plaintiff to arbitrate their claims individually pursuant to the Arbitration Agreements that they signed, and their claims before this Court should be stayed pending the resolution of arbitration. *See Davarci v. Uber Techs., Inc*., 20-CV-9224 (VEC), 2021 WL 3721374, at *5 (S.D.N.Y. Aug. 20, 2021), motion to certify appeal denied, 2021 WL 5326412 (S.D.N.Y. Nov. 15, 2021) (compelling arbitration on an individual basis and striking plaintiff's

class allegations because plaintiff was bound by an arbitration agreement and its class action waiver).[4]

## **CONCLUSION**

The motion to compel arbitration and stay further proceedings should be granted.

Dated: May 19, 2023
     New York, New York

                            LITTLER MENDELSON P.C.

                         By: */s/ William J. Anthony*
                              William J. Anthony
                              Adriana H. Foreman
                              900 Third Avenue
                              New York, NY 10022.3298
                              Telephone:  212.583.9600
                              wanthony@littler.com

                              *Attorneys for Defendants*

---

[4] Even if the FAA did not apply, and it clearly does, the arbitration agreements and the class action waiver are nonetheless fully enforceable under New York law. *See* CPLR § 7501; *Am. Int'l Specialty Lines Ins. Co. v. Allied Capital Corp.*, 35 N.Y.3d 64, 70 (2020) (reiterating "New York's long and strong public policy favoring arbitration"); *Xue Wen v. Am. Bus. Inst. Corp.*, 2020 NY Slip Op 31472(U), 2020 WL 2621715 (Sup. Ct., N.Y. Cty. May 20, 2020) (enforcing arbitration provision with a class waiver).