**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DANILO MERA, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*         Case No.: 23-cv-03492

      Plaintiff,

  v.

SA HOSPITALITY GROUP, LLC, et al,

      Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY THE ACTION**

**LEE LITIGATION GROUP, PLLC**
C.K. Lee, Esq. (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

    I.   PLAINTIFF HAS ALLEGED CONDUCT CONSTITUTING A SEXUAL HARASSMENT DISPUTE ................................................................................... 2

    II.  THE ARBITRATION AGREEMENT IS UNENFORCEABLE WITH RESPECT TO PLAINTIFF'S ENTIRE LAWSUIT ........................................................................ 5

CONCLUSION ............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Cases**

*CompuCredit Corp. v. Greenwood*, 565 U.S. 95 (2012) ............................................................... 5
*Deveaux v. Skechers USA, Inc.*, 2020 U.S. Dist. LEXIS 63356 (S.D.N.Y. April 9, 2020) ............ 3
*Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 200 L. Ed. 2d 15 (2018) .................................. 6
*Hernandez v. Premium Merch. Funding One*, LLC, 2020 U.S. Dist. LEXIS 122643 (S.D.N.Y. July 13, 2020) .............................................................................................................................. 4
*Johnson v. Everyrealm, Inc.*, 2023 U.S. Dist. LEXIS 31242 (S.D.N.Y. Feb. 24, 2023) ............ 6, 7
*KPMG LLP v. Cocchi*, 565 U.S. 18 (2011) ................................................................................ 5, 6
*Marshall v. Human Servs. of Se. Tex.*, 2023 U.S. Dist. LEXIS 20910 (E.D. Tex. Feb. 7, 2022)... 5
*Ortiz v Gazes, LLC*, 2017 N.Y. Misc. LEXIS 4221 (Sup. Ct. N.Y. Cty. Oct. 30, 2017)................ 3
*Redd v. N.Y. State Div. of Parole*, 678 F.3d 166 (2nd Cir. 2012) .................................................. 4
*Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176 (E.D.N.Y. 2012).............................................. 4
*Tortorici v. Bus-Tev*, 2021 U.S. Dist. LEXIS 174523 (S.D.N.Y. Sept. 14, 2021) ......................... 4
*Williams v. New York City Hous. Auth.*, 61 A.D.3d 62 (1st Dep't 2009).................................. 3, 4
*Worth v. Tyer*, 276 F.3d 249 (7th Cir. 2001) ................................................................................. 4

**Statutes**

9 U.S.C. § 401(4) ............................................................................................................................ 1
9 U.S.C. § 402(a) .................................................................................................................... 1, 5, 6
9 U.S.C. § 402(b) ............................................................................................................................ 1
N.Y. Exec. Law § 300...................................................................................................................... 4

**Other Authorities**

David Horton, "The Limits of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act," *The Yale Law Journal Forum* (June 23, 2022)............................................. 7
NY Legis 160 (2019), 2019 Sess. Law News of N.Y. Ch. 160 (A. 8421)...................................... 3
Pub. L. No. 117-90, § 3, 136 Stat. 26, 28 (2022)........................................................................... 6

## INTRODUCTION

On April 26, 2023, Plaintiff Danilo Mera ("Plaintiff") filed a Class and Collective Action Complaint ("Complaint") alleging that Defendants (1) violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by underpaying Plaintiff and other employees and former employees, and (2) violated the New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL") by subjecting Plaintiff to unlawful sexual harassment in a hostile work environment. On May 9, 2023, Defendants filed the instant Motion to Compel Arbitration and Stay the Action (the "Motion"). Defendants ask this Court to compel Plaintiff to arbitrate the claims in the Complaint on the basis of an arbitration agreement that Plaintiff signed when he was Defendants' employee. However, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") exempts sexual harassment claims from the scope of the Federal Arbitration Act, providing:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a).

The EFAA defines "sexual harassment dispute" broadly as any "conduct that is alleged to constitute sexual harassment," 9 U.S.C. § 401(4), and provides that its applicability "shall be determined by a court, rather than an arbitrator, irrespective of whether the party resisting arbitration challenges the arbitration agreement specifically or in conjunction with other terms of the contract containing such agreement, and irrespective of whether the agreement purports to delegate such determinations to an arbitrator." 9 U.S.C. § 402(b).

1

As detailed below, Plaintiff has sufficiently pled sexual harassment, and so these claims may not be subject to arbitration. In addition, the EFAA provides that, where a plaintiff alleges a sexual harassment dispute, any predispute arbitration agreement is void with respect to the plaintiff's entire *case*, not just the plaintiff's sexual harassment claims. Accordingly, Plaintiff is not required to arbitrate *any* part of this action, including his wage claims under the FLSA and NYLL. Defendants' motion to compel arbitration must, therefore, be denied in its entirety.

## ARGUMENT

I. **PLAINTIFF HAS ALLEGED CONDUCT CONSTITUTING A SEXUAL HARASSMENT DISPUTE**

Plaintiff's Complaint indisputably alleges conduct constituting a sexual harassment dispute. Plaintiff's sexual harassment allegations are here reproduced in full:

> 60. Throughout his employment, Plaintiff MERA suffered from Defendants permitting kitchen workers and Manager Marko [LNU] to constantly abuse and harass Plaintiff and foster a hostile work environment based on his sexual orientation.
>
> 61. Starting in or around June 2022, Plaintiff's co-workers line cook Antonio [LNU] and salad prep Agustino Salazar would call Plaintiff "puto", "pato", or "marica", all which are homophobic slurs in Spanish. Antonio [LNU] and Agustino Salazar would call Plaintiff this whenever Plaintiff came into the kitchen.
>
> 62. Manager Marko [LNU] would also harass Plaintiff. When Plaintiff was painting and working, Manager Marko [LNU] would get close and touch Plaintiff's legs and grab Plaintiff's wrist and waist. Manager Marko [LNU] would also Plaintiff things like, "did you have good sex during your vacation."
>
> 63. When Plaintiff complained to assistant manager Frank Joseph and manager Marko [LNU], they would just ignore him and tell him to "go back to work." Management would tell him they didn't want to hear any more complaints and that he was too dramatic. They told him, " I don't want to hear a single further complaint from you." After Plaintiff heard this, he did not complain to management because nothing was being done and he feared termination.
>
> 64. As a result of the hostile work environment and discrimination, Plaintiff requested to be transferred to another location. When Defendants denied his request

Plaintiff quit because he could no longer handle the constant sexual harassment and abuse.

Plaintiff brought his sexual harassment/hostile environment claims under the New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL"). And the foregoing allegations are plainly sufficient in light of NYCHRL's and NYSHRL's liberal pleading standards. Courts have long recognized that "[t]he provisions of the NYCHRL are to be construed more liberally than its state or federal counterparts," *Ortiz v Gazes, LLC*, 2017 N.Y. Misc. LEXIS 4221, *18 (Sup. Ct. N.Y. Cty. Oct. 30, 2017), and "[t]he NYSHRL was amended on August 19, 2019 to provide that its provisions should be construed liberally 'regardless of whether federal civil rights law, including those laws with provisions worded comparably to the provisions of this article, have been so construed.'" *Deveaux v. Skechers USA, Inc.*, 2020 U.S. Dist. LEXIS 63356, *7 (S.D.N.Y. April 9, 2020) (quoting NY Legis 160 (2019), 2019 Sess. Law News of N.Y. Ch. 160 (A. 8421)).

While Plaintiff's allegations plainly indicate workplace sexual harassment that was "severe and pervasive," he is not, in fact, even required to meet this bar under either NYSHRL or NYCHRL. Given NYCHRL's "broad remedial purpose … questions of 'severity' and 'pervasiveness' are applicable to consideration of the scope of permissible damages, but not to the question of underlying liability." *Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 76 (1st Dep't 2009). "Permitting a wide range of conduct to be found beneath the 'severe or pervasive' bar would mean that discrimination is allowed to play *some significant role* in the workplace," but NYCHRL aims to "make sure that discrimination plays *no* role." *Id*. While NYCHRL is not a 'general civility code," "[t]he way to avoid this result is not by adopting [an] overly restrictive 'severe or pervasive' bar, but by recognizing an affirmative defense whereby defendants can still avoid liability if they prove that the conduct complained of consists of nothing more than what a

3

reasonable victim of discrimination would consider 'petty slights and trivial inconveniences.'" *Id*. at 79-80.

The same standard now applies to NYSHRL as well. "On October 11, 2019, amendments to the NYSHRL came into effect that eliminated the 'severe and pervasive' standard. N.Y. Exec. Law § 300. The new standard requires a plaintiff to show that he or she was subjected to inferior terms, conditions, or privileges of employment because of the individual's membership in one or more protected categories." *Tortorici v. Bus-Tev*, 2021 U.S. Dist. LEXIS 174523, *39 (S.D.N.Y. Sept. 14, 2021).

The purely verbal sexual harassment that Plaintiff alleges he suffered at the hands of Defendants would, standing alone, suffice to state a claim under either NYCHRL or NYSHRL. Plaintiff has, moreover, alleged that he was subjected to unwanted sexual touching, which is unequivocally sexual harassment under NYCHRL and NYSHRL. *See Hernandez v. Premium Merch. Funding One*, LLC, 2020 U.S. Dist. LEXIS 122643, *34 (S.D.N.Y. July 13, 2020) ("courts in this Circuit routinely find similar allegations of overt sexual contact, such as touching an intimate body part without consent, sufficient to withstand a motion to dismiss"); *Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 185 (E.D.N.Y. 2012) (finding plaintiff adequately alleged hostile work environment based on single incident in which plaintiff's supervisor grabbed and squeezed her breast); *Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 177 (2nd Cir. 2012) ("[D]irect contact with an intimate body part constitutes one of the most severe forms of sexual harassment.") (quoting *Worth v. Tyer*, 276 F.3d 249, 268 (7th Cir. 2001)). Some of the foregoing decisions were based on a single incident evaluated under the "severe and pervasive" standard, and Plaintiff's claims are all the more viable given that he has alleged continuing incidents of unwanted touching (and other harassment) under the more liberal NYSHRL and NYCHRL standard, where the

argument that the sexual harassment was less than severe and pervasive is, at most, an affirmative defense and not grounds for dismissal.

At any rate, Defendants' motion does not contest the sufficiency of Plaintiff's sexual harassment allegations, so these must be considered sufficient for purposes of the instant motion. The EFAA was enacted on March 3, 2022 and "does not apply retroactively." *Marshall v. Human Servs. of Se. Tex.*, 2023 U.S. Dist. LEXIS 20910, *7 (E.D. Tex. Feb. 7, 2022). However, Plaintiff was hired by Defendants only on May 23, 2022, see Complaint ¶ 38, so his sexual harassment allegations are completely encompassed by the EFAA.

## II. THE ARBITRATION AGREEMENT IS UNENFORCEABLE WITH RESPECT TO PLAINTIFF'S ENTIRE LAWSUIT

Not only are Plaintiff's sexual harassment claims not subject to arbitration, so, too, are his wage and hour claims. Prior to the enactment of the EFAA, the Federal Arbitration Act ("FAA") provided that "if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation." *KPMG LLP v. Cocchi*, 565 U.S. 18, 19 (2011). However, it has always been understood that the "liberal federal policy favoring arbitration agreements" may be "overridden by a contrary congressional command." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (citation omitted).

Through the EFAA, Congress chose to override the default rule that arbitrable claims must be sent to arbitration even when other claims forming part of the same case are not subject to arbitration. This is plain from the text of the law. So long as the plaintiff has alleged a sexual harassment or sexual assault dispute, the predispute arbitration agreement will not be "valid or enforceable with respect to *a case* which [1] is filed under Federal, Tribal, or State law and [2] relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a) (emphasis added). Both these preconditions have been satisfied. This case has been filed under federal and

5

state laws, and it relates to a sexual harassment and assault dispute because these allegations are contained in the Complaint. Given the foregoing, the arbitration agreement Plaintiff signed is invalid and unenforceable with respect to Plaintiff's *entire case*, including his wage claims, and not just the sexual harassment dispute.

The Honorable Paul A. Engelmayer of the Southern District of New York has recently explained why this conclusion is compelled by both the EFAA's text and its legislative history:

> With the ordinary meaning of "case" in mind, the text of § 402(a) makes clear that its invalidation of an arbitration agreement extends to the entirety of the case relating to the sexual harassment dispute, not merely the discrete claims in that case that themselves either allege such harassment or relate to a sexual harassment dispute (for example, a claim of unlawful retaliation for a report of sexual harassment). If further confirmation of that understanding were needed, a surrounding EFAA provision—the one that sets the EFAA's effective date—uses the narrower te[rm] "claim." As enacted in the Statutes at Large, the EFAA provides that "the amendments made by [it], shall apply with respect to any dispute *or claim* that arises or accrues on or after Mar. 3, 2022." *See* Pub. L. No. 117-90, § 3, 136 Stat. 26, 28 (2022) (emphasis added). Congress, in enacting the EFAA, thus can be presumed to have been sensitive to the distinct meanings of the terms "case" and "claim." "When Congress includes particular language in one section of a statute but omits it in another, th[e] Court presumes that Congress intended a difference in meaning." *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 777, 200 L. Ed. 2d 15 (2018) (internal alterations omitted).
>
> _____
>
> In construing § 402(a), it is significant, too, that the EFAA amended the FAA directly (rather than, for example, amending a separate statute, such as Title VII, to bar the arbitration of certain claims arising under it). That reinforces Congress's intent to override—in the sexual harassment context—the FAA's background principle that, in cases involving both arbitrable and non-arbitrable claims, "the former must be sent to arbitration even if this will lead to piecemeal litigation." *KPMG*, 565 U.S. at 19.

*Johnson v. Everyrealm, Inc.*, 2023 U.S. Dist. LEXIS 31242, *33-44 (S.D.N.Y. Feb. 24, 2023)

One can escape the conclusion that the EFAA invalidates Plaintiff's arbitration agreement with respect to the entire Complaint only if one assumes that Congress was using *case* loosely and indifferently to mean the same thing as *claim*. That is manifestly implausible, as the distinction

6

between the two is elementary Law School 101 knowledge and has been repeatedly acknowledged in both judicial and academic contexts. "'[C]ase' thus captures the legal proceeding as an undivided whole. It is does not differentiate among causes of action within it." *Id*. at 41. As Judge Engelmayer observers, the distinction is acknowledged in well-respected legal and lay dictionaries such as Black's and Merriam-Webster. *See id*. at 42; see also David Horton, "The Limits of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act," *The Yale Law Journal Forum* (June 23, 2022) ("Notably, chapter 4 governs not just sexual misconduct *claims*, but cases that 'relate[] to' such disputes."). So, courts cannot presume that Congress was indifferent to the distinction in enacting the EFAA, and this Court must, therefore, hold that the arbitration agreement is unenforceable with respect to *every* cause of action in the Complaint.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion to Compel Arbitration and Stay the Action should be denied in its entirety.

Dated: May 19, 2023                                Respectfully submitted,

                                          **LEE LITIGATION GROUP, PLLC**

By:     */s/ C.K. Lee*
C.K. Lee (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff*,
*FLSA Collective Plaintiffs, and the Class*

7