UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANILO MERA, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,<br><br>Plaintiff,<br><br>-against-<br><br>SA HOSPITALITY GROUP, LLC, CAFÉ FOCACCIA, INC. d/b/a FELICE WINE BAR, EIGHTY THIRD AND FIRST LLC d/b/a FELICE, FELICE CHAMBERS LLC d/b/a FELICE, FELICE 240, LLC d/b/a FELICE, FELICE HUDSON, LLC d/b/a FELICE, FELICE ROSLYN LLC, d/b/a FELICE, FELICE MONTAGUE, LLC d/b/a FELICE, JOHN DOE CORPORATION d/b/a FELICE, DIMITRI PAULI, and JACOPO GIUSTINIANI,<br><br>Defendants. | Civil Action No. 1:23-cv-03492-PGG |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY THE ACTION**

William J. Anthony, Esq.
Adriana H. Foreman, Esq.
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298

*Attorneys for Defendants*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.    THE EFAA IS INAPPLICABLE AND PLAINTIFF'S ENTIRE CASE SHOULD BE COMPELLED TO ARBITRATION ........................................................................... 2

II.   EVEN IF EFAA IS APPLICABLE, PLAINTIFF'S WAGE AND HOUR CLAIMS REMAIN SUBJECT TO THE ARBITRATION AGREEMENT ..................... 5

III   PLAINTIFF CANNOT PROCEED ON A CLASS-WIDE BASIS ................................. 7

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Express Co. v. Italian Colors Rest.*,
  570 U.S. 228 (2013) ........................................................................................................... 8

*Am. Fam. Life Assurance Co. of N.Y. v. Baker*,
  848 Fed. Appx. 11 (2d Cir. 2021) ...................................................................................... 5

*Am. Int'l Specialty Lines Ins. Co. v. Allied Capital Corp.*,
  35 N.Y.3d 64 (2020) .......................................................................................................... 2

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ....................................................................................................... 2, 8

*Davarci v. Uber Techs., Inc.*,
  20-CV-9224 (VEC), 2021 WL 3721374 (S.D.N.Y. Aug. 20, 2021), *motion to certify appeal denied*, 2021 WL 5326412 (S.D.N.Y. Nov. 15, 2021) ........................ 2

*Epic Systems Corp. v. Lewis*,
  138 S. Ct. 1612 (2018) ....................................................................................................... 2

*Gordon v. Wilson Elser Moskowitz Edelman &Dicker LLP*,
  22 Civ. 5212 (JPC) (JEW), 2023 WL 2138693 (S.D.N.Y. Feb. 21, 2023) ........................ 5

*Horton v. Dow Jones & Co.*,
  18 Civ. 4027 (LGS), 2019 U.S. Dist. LEXIS 31403 (S.D.N.Y. Feb. 27, 2019) ................ 7

*Johnson v. Everyrealm*,
  22 Civ. 6669 (PAE), 2023 U.S. Dist. LEXIS 31242 (S.D.N.Y. Feb 24, 2023) .............. 4, 6

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
  559 U.S. 662 (2010) ........................................................................................................... 2

*WorldCrisa Corp. v. Armstrong*,
  129 F.3d 71 (2d Cir. 1997) ................................................................................................. 2

*Xue Wen v. Am. Bus. Inst. Corp.*,
  2020 NY Slip Op 31472(U), 2020 WL 2621715 (Sup. Ct., N.Y. Cty. May 20, 2020) .................................................................................................................................. 2

*Zarda v. Altitude Express, Inc.*,
  883 F.3d 100 (2d Cir. 2018) ............................................................................................... 4

## TABLE OF AUTHORITIES
(CONTINUED)

**PAGE**

**Statutes**

9 U.S.C. § 1 ................................................................................................................................. 2

9 U.S.C. § 401(4) ........................................................................................................................ 4

9 U.S.C. § 402(a) ..................................................................................................................... 3, 6

EFAA ............................................................................................................................... *passim*

FAA .................................................................................................................................. *passim*

N.Y.C.H.R.L. § 8-107(1)(a) ........................................................................................................ 4

N.Y.S.H.R.L § 296(h) ................................................................................................................. 4

New York State Division of Human Rights, *Sexual Harassment is Against the Law*, nysdhr-sexual-harassment.pdf .......................................................................................... 4

**Other Authorities**

Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/relate (last accessed May 24, 2023) ..................................................... 6

**<u>PRELIMINARY STATEMENT</u>**

Defendants[1] file this memorandum of law in reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Compel Arbitration and Stay the Action (the "Opposition.") (the "Reply"). Plaintiff's reliance on the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") is misplaced as it does not apply to his case. The EFAA specifically refers to sexual harassment and assault disputes, which are not at issue here. Rather, Plaintiff claims discrimination on the basis of his *sexual orientation* under state and city law. When Congress enacted the EFAA it was in an effort to address the issues arising from the "Me-Too" movement. That is not present here. Further, the EFAA does not address local ordinances and thus Plaintiff's claims under New York City law are precluded. As such, Plaintiff's entire case should be compelled to arbitration.

If this Court finds that the EFAA is applicable, Defendants request that this Court bifurcate Plaintiff's claims and compel his wage and hour claims to arbitration. The parties' arbitration agreement includes a severability clause, which permits this Court to enforce the agreement as to the wage and hour claims. Further, the EFAA indicates that a case that *relates to the sexual assault dispute or the sexual harassment dispute* are subject to this provision. Plaintiff's wage and hour claims are in no way related to his sexual orientation discrimination claims, and he offers no factual support to demonstrate the connectedness of the claims. As such, if the whole case is not sent to arbitration, Plaintiff's wage and hour claims should be compelled to arbitration.

Alternatively, if this Court believes the entire case should remain in this court despite the lack of connection with his claims, Defendants submit that this case should proceed on a single plaintiff basis and solely against his employer of record. Defendants' arbitration agreement

---

[1] Defendants filed an amended motion on May 19 that made no substantive changes but merely included the individual defendants in this action. This Reply memorandum is being filed on behalf of all Defendants.

1

specifically waives class action claims, and he sues many entities and individuals that were never his employer. Further, the arbitration agreement includes a robust severability clause that permits the class action waiver to remain intact regardless of whether other provisions in the agreement are found to be unenforceable.

**ARGUMENT**

I. **THE EFAA IS INAPPLICABLE AND PLAINTIFF'S ENTIRE CASE SHOULD BE COMPELLED TO ARBITRATION**

The EFAA amended the Federal Arbitration Act, 9 U.S.C. 1, *et seq.* ("FAA"), it did not replace it. The Supreme Court and the Courts in this Circuit have long held that the FAA favors arbitration of employment disputes when the parties have agreed to arbitration as the appropriate forum. *See Epic Systems Corp. v. Lewis,* 138 S. Ct. 1612 (2018); *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997) (district court "must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding."); *Davarci v. Uber Techs., Inc.*, 20-CV-9224 (VEC), 2021 WL 3721374, at *5 (S.D.N.Y. Aug. 20, 2021), *motion to certify appeal denied*, 2021 WL 5326412 (S.D.N.Y. Nov. 15, 2021) (compelling arbitration on an individual basis and striking plaintiff's class allegations because plaintiff was bound by an arbitration agreement and its class action waiver); *Am. Int'l Specialty Lines Ins. Co. v. Allied Capital Corp.*, 35 N.Y.3d 64, 70 (2020) (reiterating "New York's long and strong public policy favoring arbitration"). Those cases also enforce an individual's waiver of class, collective and multi-party claims. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) ("a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so."); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011); *Davarci*, 2021 WL 3721374; *Xue Wen v. Am. Bus. Inst.*

*Corp.*, 2020 NY Slip Op 31472(U), 2020 WL 2621715 (Sup. Ct., N.Y. Cty. May 20, 2020) (enforcing arbitration provision with a class waiver).

The EFAA exempted from arbitration two very narrow types of disputes, sexual harassment and sex discrimination disputes. 9 U.S.C. § 402(a). Plaintiff seeks to take this narrow amendment and preclude arbitration of claims not exempted from the FAA's reach and invalidate an enforceable arbitration agreement in its entirety. Congress chose not to adopt that approach, nor should this Court. In his Opposition, Plaintiff seemingly fails to recognize that he pled a sexual orientation discrimination claim, which is not covered by the EFAA. Further, the EFAA does not exempt local or city ordinances from coverage, just federal, tribal and state law claims. Thus, Defendants' motion should be granted, and Plaintiff's entire case should be compelled to arbitration.

The EFAA was enacted in March 2022 in response to the "Me-Too" movement, where the public expressed outrage that employers of serial sexual predators were silencing victims of sexual harassment and assault through non-disclosure and arbitration agreements. Congress enacted this amendment to the FAA because it realized that arbitration was "prevent[ing] future victims from being warned about dangerous companies and individuals and creat[ing] incentives for the corporate protection of rapists and other serial harassers." *See* H. Rept. 117-234 (January 28, 2022). As such, the EFAA was intended only to preclude pre-dispute sexual harassment and sexual assault claims from the FAA. There is no indication that Congress intended to override the FAA, which favors arbitration, and carve-out all other discrimination claims. Here, Plaintiff has not pled any claims of sexual assault or harassment. Instead, his Complaint is focused on alleged acts of harassment and discrimination on the basis of his sexual orientation. (Compl. ¶¶ 60-61, 88, 95).

3

Plaintiff asks this Court to interpret the EFAA more broadly than what it was intended as there is simply no indication that the statute is applicable to sexual orientation discrimination claims.

New York State and City[2] laws identify sexual orientation as a protected characteristic that is ***distinct*** from sex or gender.[3] *See* N.Y.S.H.R.L § 296(h) (finding harassment on the basis of "sexual orientation, gender identity or expression" or "sex" unlawful); N.Y.C.H.R.L. § 8-107(1)(a) (identifying "gender" and "sexual orientation" as protected categories). Plaintiff's Complaint solely identifies "sexual orientation" as the basis for the alleged discrimination and harassment. This is simply not a case of sex or gender discrimination under those statutes. The EFAA defines "sexual harassment dispute" as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4). Under New York State law, sexual harassment is described as a "form of *sex* discrimination." *See* New York State Division of Human Rights, *Sexual Harassment is Against the Law*, nysdhr-sexual-harassment.pdf (emphasis added). Further, even under NYCHRL, to state a sexual harassment claim, one must allege that they have been treated less well than other employees because of their *gender*. *See Johnson v. Everyrealm*, 22 Civ. 6669 (PAE), 2023 U.S. Dist. LEXIS 31242, at *30 (S.D.N.Y. Feb 24, 2023) (emphasis added). Given that sexual orientation discrimination is a distinct claim wholly separate from a sexual harassment suit, Plaintiff's claim is not exempted from arbitration by the EFAA.

In addition, the EFAA does not speak to or carve out local or city ordinances. Indeed, the city claims, like the New York City Human Rights Law, were expressly excluded from the text of

---

[2] The EFAA does not exempt local laws from arbitration but even if it does, it has no legal significance here because Plaintiff does not assert a sexual harassment dispute or a sex discrimination dispute under city law.

[3] This is unlike federal law where sex orientation is deemed gender discrimination. *Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 112 (2d Cir. 2018) ("sexual orientation discrimination is motivated, at least in part, by sex and is thus a subset of sex discrimination"). However, Plaintiff does not raise a claim of discrimination under Title VII.

4

the statute; therefore, the EFAA's narrow amendment of the FAA must have been intended only to preclude pre-dispute sexual assault and harassment claims under *federal and state* law. And Plaintiff's claims under New York City law are preempted.

In sum, Plaintiff's sexual orientation discrimination claims are not subject to EFAA and Plaintiff's entire case should be compelled to arbitration.

## II. EVEN IF EFAA IS APPLICABLE, PLAINTIFF'S WAGE AND HOUR CLAIMS REMAIN SUBJECT TO THE ARBITRATION AGREEMENT

Plaintiff not only argues that his single plaintiff sexual orientation discrimination claims are subject to EFAA but also that the entire *case* should be subject to the statute. However, the severability clause in the arbitration agreement permits this Court to sever Plaintiff's wage and hour claims from his discrimination claims. The arbitration agreement specifically notes that should "a court of competent jurisdiction rule[] that any portion of the parties' agreement to arbitrate is not enforceable, . . . then the parties agree that such provision be severed and the remainder of the agreement be enforced." (*See* ECF No. 20, Declaration of William Anthony, Exh. B). The Second Circuit has acknowledged that severability clauses weigh in favor of severing unconscionable claims rather than invalidating an arbitration agreement. *Gordon v. Wilson Elser Moskowitz Edelman &Dicker LLP*, 22 Civ. 5212 (JPC) (JEW), 2023 WL 2138693, at *7 (S.D.N.Y. Feb. 21, 2023) (citing *Am. Fam. Life Assurance Co. of N.Y. v. Baker*, 848 Fed. Appx. 11, 13 (2d Cir. 2021)). As such, if the arbitration agreement is found to be unenforceable as to Plaintiff's sexual orientation discrimination claims, this should have no impact on the enforceability of the agreement with respect to his wage and hour claims. The Court should respect the parties' agreement to bifurcate claims.

Moreover, Plaintiff's wage and hour claims have no factual or legal nexus to his discrimination claims. Defendants do not disagree that the EFAA may carve-out all claims in a

case, but Plaintiff ignores the fact that the case must *relate to the sexual assault or harassment dispute*. *See* 9. U.S.C. § 402(a). As explained above, Plaintiff has failed to demonstrate how his sexual orientation discrimination claim is a sexual assault or harassment dispute. Further, he fails to demonstrate how his wage and hour claims are in any way related to the sexual orientation discrimination claims. The most Plaintiff alleges is that the claims are related because "these allegations are contained in the Complaint." (Pl.'s Opp. p. 6). However, to "relate" to the sexual assault or harassment dispute, one must "show or establish logical or causal connection between" this dispute and the remaining case. *See* Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/relate (last accessed May 24, 2023) (definition of "relate"). Whether Plaintiff was paid at the proper tip rate or given overtime pay has no logical or causal connection to his claims of alleged harassment due to his sexual orientation. These are separate and distinct claims that have no relationship or connection to one another.

      The only case Plaintiff cites in support of his argument is the decision in *Johnson v. Everyrealm, Inc.*, 2023 U.S. Dist. LEXIS 31242. However, Plaintiff's reliance on *Everyrealm* is misplaced. As an initial matter, the Court specifically noted that it did "not have occasion [] to consider the circumstances [where] claim(s) far afield might be found to have been improperly joined with a claim within the EFAA so as to enable them to elude a binding arbitration agreement." *Everyrealm*, 2023 U.S. Dist. LEXIS 31242, at *47 n.23. Therefore, this case is not binding or persuasive as the court specifically declined to address a situation like ours. Further, this case is easily distinguishable. The plaintiff in *Everyrealm* raised claims of sex discrimination and sexual harassment, along with multiple claims that arose from the sexual harassment and sex discrimination dispute. Those claims were all factually and legally related; whereas, here, Plaintiff's "case" encompasses numerous parties and claims that are "far afield" from his

6

discrimination claims. Plaintiff names several restaurant and individual Defendants that were never his employer, as he admits in his Complaint. (Compl. ¶¶ 9, 11, 38). Further, Plaintiff's wage and hour claims are completely unrelated to the allegations of discrimination and are clearly encompassed by the arbitration agreement. Thus, the wage and hour claims should be bifurcated and sent to arbitration on a single plaintiff basis.

Ruling in Plaintiff's favor will expand the carve-out in the EFAA further than what was intended. For these reasons, Defendants request that if this Court feels compelled to maintain jurisdiction over Plaintiff's sexual orientation discrimination claims (which it should not), that the Court bifurcate Plaintiff's wage and hour claims and compel those claims to arbitration. It is not only consistent with the parties' arbitration agreement and the FAA's approval of piecemeal litigation, as Plaintiff acknowledges, but it is appropriate when the claims at issue are not related or connected in any way. There is nothing to suggest that Congress sought to take employment claims generally out of coverage of the FAA, just a very narrow subset of claims that are not alleged here. As such, Plaintiff's wage and hour claims should, at the very least, be compelled to arbitration.

**III    PLAINTIFF CANNOT PROCEED ON A CLASS-WIDE BASIS**

If this Court finds that the arbitration agreement is invalid and unenforceable as to Plaintiff's entire case, Defendants contend that Plaintiff still cannot proceed on a class-wide basis. As noted above, the arbitration agreement includes a severability clause that specifically notes that if a portion of the parties' agreement to arbitrate is found to be unenforceable, then the parties agree to sever that provision and permit the remainder of the agreement to be enforced. Courts not only acknowledge and enforce severability clauses but have "repeatedly held that class action waivers in arbitration agreements are enforceable." *Horton v. Dow Jones & Co.*, 18 Civ. 4027

7

(LGS), 2019 U.S. Dist. LEXIS 31403, at *5 (S.D.N.Y. Feb. 27, 2019) (citing *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 228 (2013); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011)). Thus, Plaintiff is precluded from proceeding on a class-wide basis.

In addition, Plaintiff is also precluded from proceeding against anyone other than his employer. In the Complaint, Plaintiff concedes that he worked at only one location – Café Foccacia – and never worked at any of the other restaurants that have been named in this litigation. (Compl. ¶¶ 9, 11, 38). Plaintiff also asserts that the restaurant Defendants (other than Café Foccacia) are necessary in this litigation because of their alleged liability to the putative class members. (Compl. ¶ 9). However, this is not a class discrimination or harassment case. The putative class is tied to Plaintiff's wage and hour claim and has no connection to his discrimination claims; thus it is not subject to coverage of the EFAA. Because the class action waiver remains intact, Plaintiff must proceed on a single plaintiff basis and only against his employer of record.

## CONCLUSION

Defendants respectfully request that the motion to compel arbitration and stay further proceedings be granted because Plaintiff's sexual orientation discrimination claim is not covered by the EFAA. Should this Court disagree and find that the EFAA is applicable, then Defendants request that this Court compel Plaintiff's wage and hour claims to arbitration because the arbitration agreement has a severability clause that should be enforced, the FAA permits piecemeal litigation, and the wage and hour claims are unrelated to Plaintiff's discrimination claim. Finally, Defendants request that this Court enforce the class action waiver in the arbitration agreement and

8

permit Plaintiff to proceed only on a single plaintiff basis.

Dated: May 26, 2023
      New York, New York

LITTLER MENDELSON P.C.

By: */s/ William J. Anthony*
William J. Anthony
Adriana H. Foreman
900 Third Avenue
New York, NY 10022.3298
Telephone:  212.583.9600
wanthony@littler.com

*Attorneys for Defendants*

9