```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/03/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Danilo Mera,

                            **Plaintiff,**

-against-

SA Hospitality Group, LLC, et al.,
                            **Defendants.**

1:23-cv-03492 (PGG) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

        Plaintiff Danila Mera ("Mera" or "Plaintiff") brings this action against Defendants SA Hospitality Group, LLC; Cafe Focaccia, Inc.; Eighty Third and First LLC; Felice Gold Street LLC; Felice Chambers LLC; Felice 240, LLC; Felice Hudson, LLC; Felice Roslyn LLC; and Felice Montague, LLC (the "Corporate Defendants"),[1] and Dimitri Pauli and Jacopo Giustiniani (the "Individual Defendants") (collectively, the "Defendants") asserting claims under the Fair Labor Standards Act ("FLSA") (Count I), the New York Labor Law ("NYLL") (Count II), the New York State Human Rights Law ("NYSHRL") (Count III) and the New York City Human Rights Law ("NYCHRL") (Count IV). (Compl. ¶¶ 1-4, 7-21.) Plaintiff's FLSA and NYLL claims arise from alleged unpaid wages and his NYSHRL and NYCHRL claims arise from an alleged hostile work environment created by sexual orientation discrimination. (*See id*. ¶¶ 1-4.)

        Now before the Court is a motion by Defendants to compel Plaintiff to arbitrate his claims or, in the alternative, to stay this action. (Mot. to Compel Arb., ECF No. 18; Am. Mot. to Compel

---

[1] The Corporate Defendants own and operate restaurants under the trademark "Felice." (Compl., ECF No. 1, ¶ 8.) Plaintiff also names John Doe Corporation as another business doing business as "Felice." (*Id*. ¶ 19.)

Arb., ECF No. 27.)[2] For the reasons set forth below, Defendant's motion to compel arbitration is GRANTED IN PART and DENIED IN PART.[3]

## BACKGROUND

On or about May 23, 2022, Mera was hired by Defendants to work as a busser for Cafe Focaccia, Inc., at the restaurant located at 1166 1st Avenue, New York, NY 10065. (Compl. ¶¶ 11, 38.) On that same date, he signed an Arbitration Agreement. (Anthony 5/19/23 Decl., Ex. A, ECF No. 29-1.)[4] The Agreement provides in its first sentence: "To the maximum extent permitted by law, Employee agrees that any disputes arising out of or in any way relating to Employee's employment or termination from employment with Café Focaccia Inc, SA Hospitality Group or any affiliated entities or individuals shall be resolved exclusively by final and binding arbitration on an individual basis before one neutral arbitrator, applying the appropriate statutes of limitation." (Anthony 5/19/23 Decl., Ex. B.) The Agreement also provides that it is governed by the Federal Arbitration Act ("FAA"). (*See id*.)

---

[2] Defendants' initial motion was made on behalf of the Corporate Defendants. (*See* Mot. to Compel Arb.; Defs.' 5/9/23 Mem., ECF No. 19; Anthony 5/9/23 Decl., ECF No. 20.) Defendants' amended motion made no substantive changes but added the Individual Defendants in this action. (*See* Am. Mot. to Compel Arb.; Defs.' 5/19/23 Mem., ECF No. 28; Anthony 5/19/23 Decl., ECF No. 29.)

[3] "District courts in this Circuit regularly have concluded that a motion to compel arbitration and stay litigation pending arbitration is non-dispositive and therefore within a Magistrate Judge's purview to decide without issuing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)." *McCants v. Team Elec., Inc.*, No. 19-CV-09565 (AJN) (RWL), 2021 WL 653122, at *1 n.1 (S.D.N.Y. Feb. 19, 2021) (quoting *Chen-Oster v. Goldman Sachs*, 449 F. Supp. 3d 216, 227 n.1 (S.D.N.Y. 2020) (collecting cases)).

[4] The version of the Arbitration Agreement that Mera signed was in the Spanish language. An English language version of the Arbitration Agreement also was filed by Defendants. (*See* Anthony 5/19/23 Decl., Ex. B, ECF No. 29-2.)

**LEGAL STANDARDS**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, "creates a body of federal substantive law of arbitrability applicable to arbitration agreements . . . affecting interstate commerce." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) (quoting *Alliance Bernstein Inv. Research & Mgmt., Inc. v. Schaffran*, 445 F.3d 121, 125 (2d Cir. 2006)). "Enacted to reverse centuries of judicial hostility to arbitration agreements, the FAA embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts[.]" *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 100 (S.D.N.Y. 2017) (citing *Bird v. Shearson Lehman/Am. Express, Inc.*, 926 F.2d 116, 119 (2d Cir. 1991); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)) (internal quotation marks and alterations omitted); *see also Ross v. Am. Express Co.*, 547 F.3d 137, 142 (2d Cir. 2008) (FAA reflects "a strong federal policy favoring arbitration as an alternative means of dispute resolution.").

Section 2 of the FAA provides, in relevant part, that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Where a party to an arbitration agreement refuses to comply with that agreement, and instead attempts to proceed in litigation, the other party may move to stay the litigation and compel arbitration." *McCants*, 2021 WL 653122, at *3 (citing FAA §§ 3, 4).

"[W]hen a complaint contains both arbitrable and nonarbitrable claims, the [FAA] requires courts to 'compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of

separate proceedings in different forums.'" *KPMG LLP v. Cocchi*, 565 U.S. 18, 22 (2011) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985)). "To implement this holding, courts must examine a complaint with care to assess whether any individual claim must be arbitrated." *Id*.

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (the "EFAA"), 9 U.S.C. §§ 401-02, amended the FAA and provides:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a). The EFAA defines a "sexual harassment dispute" as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4).

## ANALYSIS

Given the broad scope of the Arbitration Agreement that Plaintiff signed, were it not for the EFAA, all claims pursued by Plaintiff in the present case would be required to be resolved in arbitration, and Plaintiff does not contend otherwise. In order to determine the instant motion to compel arbitration, the Court must address two issues: (I) whether Plaintiff has alleged claims that raise a dispute within the EFAA's scope, and (II) if so, whether Arbitration Agreement is unenforceable as to such claims only or as to the entire case. These issues are addressed in turn.

I.     **Plaintiff Has Alleged Claims That Raise A Dispute Within The Scope Of The EFAA**

Plaintiff alleges that Defendants discriminated against him in violation of the NYSHRL and NYCHRL "by subjecting [him] to a hostile work environment, in the form of failing to address the constant harassment and abuse made against [him] on the basis of his sexual orientation by his co-workers and Manager Marko [LNU]." (Compl. ¶¶ 88, 95.) Specifically, Plaintiff alleges that "[s]tarting in or around June 2022, Plaintiff's co-workers line cook Antonio [LNU] and salad prep Agustino Salazar would call Plaintiff 'puto', 'pato', or 'marica', all which are homophobic slurs in Spanish," and that "[w]hen Plaintiff was painting and working, Manager Marko [LNU] would get close and touch Plaintiff's legs and grab Plaintiff's wrist and waist, and say "things like, 'did you have good sex during your vacation.'" (*See id*. ¶¶ 61-62.)

These allegations are sufficient to raise "a dispute relating to conduct that is alleged to constitute sexual harassment under [the NYSHRL]." *See* 9 U.S.C. § 401(4). The NYSHRL makes it an unlawful discriminatory practice "[f]or an employer . . ., because of an individual's . . . sexual orientation . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296(1)(a). In analyzing actions under the NYSHRL, "New York courts have adopted principles which define actionable sexual harassment under Title VII of the Civil Rights Act of 1964." *Davis v. Phoenix Ancient Art, S.A.*, 39 Misc. 3d 1214(A), 2013 WL 1729384, at *5 (Sup. Ct., N.Y. County, 2013) (citing cases). "Sexual harassment that results in a 'hostile or abusive work environment' is prohibited as a form of employment discrimination." *Id*. (citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986)).

Accordingly, Plaintiff's Complaint pleads a dispute within the scope of the EFAA.[5]

## II.    The Arbitration Agreement Is Unenforceable Only With Respect To Plaintiff's NYSHRL And NYCHRL Claims

Under the EFAA, "at the election of the person alleging conduct constituting a sexual harassment dispute," a predispute arbitration agreement is unenforceable "with respect to a case which is filed under Federal, Tribal, or State law *and relates to* . . . the sexual harassment dispute." 9 U.S.C. § 402(a) (emphasis supplied). Plaintiff argues that, under the EFAA, the arbitration agreement is unenforceable, not only as to his sexual harassment-related claims, but as to his entire case, including his unrelated wage and hour claims under the FLSA and the NYLL (*see* Pl.'s Opp. Mem., ECF No. 30, at 5-7), which are pled as to a broad group of individuals in addition to Plaintiff. The Court disagrees.

The Court holds that, under the EFAA, an arbitration agreement executed by an individual alleging conduct constituting a sexual harassment dispute is unenforceable only to the extent that the case filed by such individual "relates to" the sexual harassment dispute, *see* 9 U.S.C. § 402(a); in other words, only with respect to the claims in the case that relate to the sexual harassment dispute. To hold otherwise would permit a plaintiff to elude a binding arbitration

---

[5] The issue of whether Plaintiff has stated a claim under the NYSHRL and/or the NYCHRL is not before the Court, as Defendants have not filed a motion as to the legal sufficiency of such claims. In addition, the Court does not now address the issue of whether supplemental jurisdiction exists over the NYSHRL and NYCHRL claims, pursuant to 28 U.S.C. § 1367(a). *See Brito v. ATA Freight Line, Ltd*., No. 20-CV-03132 (EK), 2021 WL 7830146, at *4 (E.D.N.Y. Aug. 24, 2021) ("Where, as here, a plaintiff's FLSA claim constitutes the sole predicate for original subject matter jurisdiction, district courts in this Circuit routinely dismiss, on jurisdictional grounds, state and local discrimination and retaliation claims, as insufficiently related to the FLSA claim." (citing cases)); *accord Nikonov v. Flirt NY, Inc*., No. 19-CV-07128 (SDA), 2022 WL 874780, at *3 (S.D.N.Y. Mar. 24, 2022).

agreement with respect to wholly unrelated claims affecting a broad group of individuals having nothing to do with the particular sexual harassment affecting the plaintiff alone.

The case relied upon by Plaintiff, *Johnson v. Everyrealm, Inc.*, No. 22-CV-06669 (PAE), 2023 WL 2216173 (S.D.N.Y. Feb. 24, 2023) (*see* Pl.'s Opp. Mem. at 6), is inapposite. In *Johnson*, the plaintiff raised claims of sexual harassment, along with other claims alleging that plaintiff was subjected to disparate treatment, including race discrimination, pay discrimination, whistleblower retaliation and intentional infliction of emotional distress. *See Johnson*, 2023 WL 2216173, at *1. In that case, Judge Engelmayer held "that, where a claim in a case alleges 'conduct constituting a sexual harassment dispute' as defined, the EFAA, at the election of the party making such an allegation, makes pre-dispute arbitration agreements unenforceable with respect to the entire case relating to that dispute." *Id*. at *19. Judge Engelmayer stated that he did "not have occasion [in his case] to consider the circumstances under which claim(s) far afield might be found to have been improperly joined with a claim within the EFAA so as to enable them to elude a binding arbitration agreement." *Id*. at *20 n.23.

Here, unlike the plaintiff in *Johnson*, who alleged that he was singled out for disparate treatment in the form of sexual harassment, race discrimination (including pay discrimination) and retaliation (*see Johnson* Compl., No. 22-CV-06669 ECF No. 1, ¶¶ 37-46, 80-123), Plaintiff in the present case alleges, with respect to his FLSA and NYLL claims, that "all non-exempt employees, including servers, bartenders, barbacks, waiters, bussers, and food runners among others, employed by Defendants" were "subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages." (Compl. ¶¶ 25-26.) The only claims that are distinct

to Plaintiff in this case are his NYSHRL and NYCHRL claims, which are based on the allegations that Defendants failed "to address the constant harassment and abuse made against Plaintiff on the basis of his sexual orientation." (*See id*. ¶¶ 85-98.)

Since Plaintiff's wage and hour claims under the FLSA and the NYLL do not relate in any way to the sexual harassment dispute, they must be arbitrated, as the Arbitration Agreement requires. *See Cocchi*, 565 U.S. at 22. Thus, the Court finds that Plaintiff is compelled to arbitrate his FLSA and NYLL claims (but not his NYSHRL and NYCHRL claims, which do relate to the sexual harassment dispute).

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to compel arbitration is GRANTED IN PART and DENIED IN PART. Defendants' motion to compel arbitration is GRANTED with respect to Plaintiff's FLSA and NYLL claims (Counts I and II) and is DENIED with respect to Plaintiff's NYSHRL and NYCHRL claims (Counts III and IV).

Accordingly, the action is stayed with respect to Counts I and II of the Complaint, pending arbitration. No later than December 31, 2023, Plaintiff shall file a letter to the ECF docket stating whether any arbitration proceedings have been commenced and, if so, the status of such proceedings. No later than June 23, 2023, Defendants shall answer, or move to dismiss, Counts III and IV of the Complaint.

**SO ORDERED.**

Dated:     New York, New York
           June 3, 2023

_____
STEWART D. AARON
United States Magistrate Judge